281 So.2d 18 (1973)
GEORGETOWN MANOR FURNITURE COMPANY and American Motorists Insurance Company, Petitioners,
v.
James SMITH and Florida Department of Commerce and Industrial Relations Commission, Respondents.
No. 43394.
Supreme Court of Florida.
July 25, 1973.
*19 Summers Warden, Coral Gables, for petitioners.
Jonathan L. Alpert and Israel Abrams, Miami, for respondents.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the Industrial Relations Commission of the Department of Commerce which reversed an order of the Judge of Industrial Claims. We have jurisdiction pursuant to Fla. Const., art. V, § 3(b)(3), F.S.A.
Respondent-claimant James Smith was injured while working for petitioner, Georgetown Manor Furniture Company, when a loading door on his truck slipped and struck him on the back. Smith had also suffered a work-related injury eight months earlier with another employer which had resulted in a finding of a five per cent permanent partial disability by his treating physician and a $1,500 settlement on a workmen's compensation claim.
In preparing his employment form with Georgetown Manor, Smith lied or omitted information relating to the earlier accident three times: he omitted the name of the prior employer from his list of employers; he answered "No" to the question, "Have you ever been injured?"; and, he left blank a space for physical defects. The Judge of Industrial Claims dismissed Smith's claim on the finding that the Georgetown Manor had relied upon Smith's lies in hiring him, and that his claim was, therefore, barred.
The Industrial Relations Commission reversed on the reasoning that the leading case on point, Martin Company v. Carpenter, 132 So.2d 400 (Fla. 1961), did not authorize the dismissal because:
(1) the invalid employment form was dated three days after Smith began working for Georgetown Manor;
(2) there was no proof that Georgetown Manor relied upon the misrepresentations; and,
(3) the misrepresentations deal with a prior accident and not present condition.
In Martin Company v. Carpenter, supra, the employee answered "No" to a question about back injuries or backache, despite a serious and continuing back problem. Her position with the Martin Company required extensive standing and bending and, after a leave of absence and an attempted return to work, the claimant was unable to continue work and sought workmen's compensation benefits for her back condition. This Court dismissed the claim and, after extensive discussion of public policy and decisions from other jurisdictions, set forth the following rule:
"[A] false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen's Compensation *20 Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer." 132 So.2d 400, p. 406.
However, this Court failed to apply the rule to the facts of Martin Company v. Carpenter, supra, because of a lack of evidence on the employer's reliance on the misrepresentations, and because it approved of the disallowance of the claim on the grounds of there being no accidental injury.
The rule was applied to bar a claim in City of Miami v. Ford, 252 So.2d 228 (Fla. 1971), where an employee lied about an automobile accident and resulting bone weakness in his ankle which directly caused the employee to be injured when the garbage truck in which he was standing hit a pot hole. The ankle gave way due to its weakness although his fellow workers were not injured. In that case, there was direct evidence of the relationship between the injury and the false representation; direct evidence of the knowledge of the employee that the evidence was false; direct evidence of the employer's reliance on the false information; and, direct evidence that such reliance resulted in the financial injury to the City of Miami.
As the Commission points out, such a case is not presented by Georgetown Manor. There was misrepresentation by Smith about his prior accident. However, there was no evidence that his accident with Georgetown Manor would not have caused injury without the prior accident. Nor was there any evidence  other than the stipulated settlement of the first claim  that Smith still suffered from the results of the prior accident. Finally, there was no evidence that Georgetown Manor relied upon the misrepresentations in hiring Smith.
In fact, the point reached by the Commission that the employment form was not even filled out until Smith had been on the job three days is some evidence that Georgetown Manor did not rely on the representations made on employment forms. It is not binding proof, but in the absence of any evidence of reliance of the employer on the employee's responses on an employment form, the fact that the form was not completed until after the employee had begun work requires some consideration.
Georgetown Manor challenges the propriety of the Commission relying on statements made by counsel at oral argument, but we find it unnecessary to reach the issue because the order of the Commission is amply supported by the record without reliance on anything presented at oral argument.
This decision does not indicate a desire on the part of this Court to reward falsity or misrepresentation. Martin Company v. Carpenter, supra, represents the decision of this Court to avoid such reward, but it requires, simply, that the employer show that it was directly injured by the wrongdoing of its employee and that the employee was thus enriched due to his lies. In the case sub judice, such a showing has not been made, and this Court cannot reform the Workmen's Compensation Act to bar an employee's claim merely because the employee has lied.
The Judge of Industrial Claims made a finding of fact that Georgetown Manor relied upon the misrepresentations of Smith in hiring him, which finding was totally unsupported by any evidence in the record.
Accordingly, the petition for writ of certiorari is denied.
It is so ordered.
CARLTON, C.J., and ERVIN, BOYD and McCAIN, JJ., concur.