382 So.2d 132 (1980)
George BLAINE, Appellant,
v.
PAKS FOOD STORE, a Self-Insured and Corporate Group Service, Appellees.
No. QQ-77.
District Court of Appeal of Florida, First District.
April 3, 1980.
Ira J. Druckman, P.A., Miami, for appellant.
George A. O'Brien, Miami Shores, for appellees.

ON PETITION FOR REHEARING
PER CURIAM.
This court's opinion issued 1/30/80 is withdrawn.
Blaine requests review of the order of the judge of industrial claims which denied him benefits. We reverse.
Blaine slipped on a wet floor and fell injuring his lower back while removing beer from a cooler during his employment at Paks Food Store. The injury resulted in a 5% permanent partial disability rating.
When Blaine completed his pre-employment application, he failed to complete the answer to the question of whether he had *133 any chronic ailments or defects. Subsequently, the workers' compensation carrier asked the employer to obtain a new form from employees, and Blaine did not complete this form until after the accident. On this form, he did not respond to a question involving job-connected disabilities or injuries. In fact, Blaine had suffered two previous job-connected injuries: a fractured skull resulting in a 25% disability rating; and a cervical injury resulting in a 10-15% disability rating. The employer argues that Blaine's misrepresentation on his employment applications precludes his receipt of workers' compensation benefits.
In Martin Co. v. Carpenter, 132 So.2d 400, 406 (Fla. 1961), the Supreme Court established the standards by which misrepresentations in employment applications are to be judged:
[A] false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen's Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer.
In Martin, the falsification was clearly knowledgeable, and a causal link existed between the prior and current injuries. However, the court found the employee was entitled to benefits because the employer did not show reliance. Under Martin, all elements must be present before benefits are precluded. See also Georgetown Manor Furniture Co. v. Smith, 281 So.2d 18 (Fla. 1973). Here, the record does not contain competent, substantial evidence of a causal relationship between the injuries and the false representations, nor does it support that the prior injuries contributed to or were aggravated by this accident.
The petition for rehearing is granted; the order is reversed and remanded for proceedings consistent with this opinion.
MILLS, C.J., and McCORD, J., concur.
BOOTH, J., dissents with opinion.
*134 BOOTH, J., dissenting.
I dissent from this court's retention of jurisdiction in this case, which arose outside the territorial jurisdiction of the court. See Crews v. Town of Bay Harbor, 378 So.2d 1265 (Fla. 1st DCA 1979).
On the merits, I would concur in the majority's opinion.