394 So.2d 1081 (1981)
MONTGOMERY WARD & CO., Appellant,
v.
Silvio PROVENZANO, Appellee.
No. UU-68.
District Court of Appeal of Florida, First District.
March 5, 1981.
Thomas M. Burke of Rumberger, Kirk & Caldwell, Orlando, for appellant.
William F. Poole, IV of Poole & Heller, Orlando, for appellee.
JOANOS, Judge.
This workers' compensation appeal involves a lengthy procedural history which included two hearings on different aspects of the claimant's injuries. The appellant/employer seeks review of the order which resulted from the latest hearing and argues that the deputy commissioner erred in three respects: (1) The claimant should not have been awarded additional medical treatment for orthopedic problems in light of the claimant's falsification of his employment application by not disclosing a previous psychiatric condition; (2) An award of temporary total disability ("TTD") was in error because no claim for such benefits was pending; and (3) Costs were incorrectly awarded to claimant without evidence of costs being submitted. We agree with the appellant that reversal is required on the last two points, but affirm the order as to the first point.
The history of this case began when the claimant broke his left leg in a work-related accident in 1975. The employer voluntarily paid 10% permanent partial disability *1082 ("PPD") benefits, but in March of 1977, the claimant filed a claim seeking PPD benefits in excess of 10% and additional medical care. At the hearing on this claim, the claimant argued that he had developed psychiatric problems which were causally related to the accident. The deputy commissioner agreed and awarded temporary total disability ("TTD") benefits based upon claimant's psychiatric disability. This order was reversed by the IRC on the ground that the claimant had falsified his employment application by failing to reveal a previous psychiatric condition which was causally related to the psychiatric problems that resulted from claimant's accident. IRC Order 2-3533 (1978). In July of 1979 the Florida Supreme Court denied certiorari. Provenzano v. Montgomery Ward & Co., Fla.App., 374 So.2d 100 (1979). About two weeks later, the employer filed a notice to controvert the claimant's right to benefits of any kind, including the 10% PPD benefits previously accepted by the employer. A hearing was held on October 17, 1979 where the claimant requested that he be awarded additional medical care for his orthopedic problems as well as TTD benefits. The employer defended this claim on the grounds that no claim for TTD benefits was pending and that the claim was barred by the claimant's falsified employment application.
The deputy correctly rejected the argument that the claimant's failure to disclose a previous psychiatric condition on his employment application bars his claim for medical treatment of an unrelated orthopedic condition. The employer has urged that the rationale of Martin Co. v. Carpenter, 132 So.2d 400 (Fla. 1961) should be extended to prevent an employee from recovering workers' compensation benefits without regard to the existence of a causal relationship between the injury and the false representations. This position is not supportable by Florida law. Martin and the cases under it have specifically required a finding of causal relationship. See Blaine v. Paks Food Store, 382 So.2d 132 (Fla. 1st DCA 1980); Georgetown Manor Furniture v. Smith, 281 So.2d 18 (Fla. 1973). In this case there was no question that the claimant's leg and hip injuries were not related to his prior psychiatric problem.
With regard to the employer's other defense, the transcript of the October 17th hearing clearly shows that the deputy awarded TTD when no claim for TTD benefits was ever filed by the claimant. The claimant's first request for TTD benefits was at the hearing. When the employer argued that no claim for TTD was pending, the claimant's attorney admitted that he had not filed such a claim but would do so within a week and suggested that the hearing proceed on the claim for medical benefits only. Speaking to the employer's counsel, the deputy remarked, "I think Fred [claimant's attorney] says that he's not going ahead with temporary total." Claimant's attorney then stated, "I don't think I can to be very honest." To further clarify the status of the TTD claim, the employer's attorney told the deputy that he thought no evidence should be heard relating to TTD. The deputy responded, "We won't." The hearing then proceeded to determine the claimant's entitlement to additional medical benefits.
After the hearing, the deputy awarded both TTD and medical benefits. In his order the deputy reasoned that the employer was not prejudiced by an award of TTD since the employer contested all compensation and the claimant's application for hearing did request adjudication of permanent partial disability. According to the deputy, the fact that the employer was aware that PPD benefits were in dispute meant that the employer had adequate notice and opportunity to defend against disability benefits in general, whether temporary or permanent.
It is evident from the initial discussion at the hearing that the attorneys for both sides were given the impression by the deputy that temporary benefits were not at issue and that the hearing would be limited to the claimant's entitlement to medical care. With this understanding of the nature of the hearing, the employer would *1083 have no reason to submit any evidence of the extent of the claimant's disability or of the claimant's employability. By awarding TTD benefits after he had agreed not to take any evidence on the subject, the deputy changed the rules after the game had already been played. The employer was clearly denied an opportunity to defend and was prejudiced by this denial. In Adams Packing Association v. Reeves, IRC Order 2-3139 (1977), the IRC reversed an award of TTD where the only issue at the hearing concerned the compensability of the claimant's accident. See also Alterman Transport Lines v. Hawkins, IRC Order 2-3180 (1977), cert. denied 354 So.2d 978 (Fla. 1977), where the IRC reversed an award of TTD stating that "the requirements of due process are not met when the JIC awards or denies benefits which have not been placed in issue." In this case, TTD benefits were not at issue in the October 17th hearing, and the employer was prejudicially denied his due process right to present evidence in defense.
The final point raised by the employer is also meritorious. A review of the record reveals that the only evidence of costs was a physician's testimony that his expert witness fee was $125. The deputy awarded $129 for an expert witness fee and $100.95 for other costs which were never adduced into evidence. Since the record supports only $125 in costs, the award should be reduced accordingly.
REVERSED and REMANDED for reconsideration consistent with this opinion.
McCORD and SHIVERS, JJ., concur.