436 So.2d 222 (1983)
Eddie W. HIGGINS, Appellant,
v.
TRIGIL REPAIR, INC., and Risk Management Services, Inc., Appellees.
No. AP-45.
District Court of Appeal of Florida, First District.
June 27, 1983.
Rehearing Denied August 31, 1983.
Paul F. Hartsfield, Jr., Tallahassee, for appellant.
William E. Bond, Jr., of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellees.
ZEHMER, Judge.
This appeal by the claimant questions when a misrepresentation on the claimant's *223 employment application will preclude his recovery of worker's compensation benefits.
On February 8, 1982, the claimant suffered a back injury during the course of his present employment. He had been employed on the job about ten months. When initially seeking that employment, the claimant completed an application in which the following two questions were asked:
1. Have you had a major illness in the past five years?
2. Have you received compensation for injuries?
Claimant answered "no" to both questions although he had suffered a back injury in January 1980 while working for a previous employer and had received worker's compensation benefits for such injury. After the accident in 1980, claimant had been released by his physician for return to work, with no residual physical disability as a result of that injury. Claimant had no further problems with his back until the present injury.
As a result of the present injury, claimant filed for worker's compensation benefits. His claim was denied by the deputy commissioner upon a finding that claimant's misrepresentations on his employment application precluded any award of benefits. Claimant appeals this final order.
Claimant's primary argument revolves around an interpretation of the Supreme Court's opinion in Martin Company v. Carpenter, 132 So.2d 400 (Fla. 1961). In Carpenter, the Supreme Court set forth the following rule to be applied in cases involving misrepresentations on employment applications:
[A] false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen's Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer.
132 So.2d at 406.
Claimant asserts that under the Carpenter rule an employee should be denied worker's compensation benefits only when his misrepresented physical condition from a prior injury relates to his present injury. Since the deputy commissioner made a specific finding that there was no medical relationship between claimant's present injury and the prior undisclosed injury, claimant asserts that the necessary causal relationship between the present injury and the misrepresentation is not present.
The employer/carrier's primary argument, and the position apparently accepted by the deputy commissioner, is that the Carpenter rule does not require a causal relationship between the first and second injuries but, rather, a causal relationship between the act of misrepresentation and the current injury. The employer/carrier argues, and the deputy commissioner found, that the causal relationship requirement is satisfied in this case because there is evidence that claimant would not have been hired if the previous back injury had been revealed on the employment application. As a result, the employer/carrier argues, the employer "will be injured because benefits must be paid."[1]
Although the Carpenter opinion is somewhat ambiguous as to the meaning of "causal relationship," as we read the opinion taken as a whole, the Court was referring to a medical relationship between the claimant's present injury and his misrepresented physical condition at the time of employment resulting from an undisclosed prior injury. Other decisions reinforce this conclusion.
In the recent case of Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983), the claimant materially misrepresented his age. This Court construed *224 Carpenter to require a causal relationship between the misrepresented physical or health-related condition, the industrial accident, and the subsequent claim for worker's compensation benefits. It affirmed the award of benefits because the employer/carrier failed to show how the claimant's misrepresented age related to his injury. See also Montgomery Ward & Co. v. Provenzano, 394 So.2d 1081 (Fla. 1st DCA 1981); Benton & Co., Inc. v. Evins, 9 FCR 315 (1975); Georgetown Manor Furniture Co. v. Smith, 281 So.2d 18 (Fla. 1973).
The only evidence before the deputy commissioner in this case regarding any relationship between claimant's first and second injuries was testimony from claimant's physician that the two injuries were totally unrelated. The deputy commissioner, in his final order, specifically adopted the testimony of claimant's physician and found no medical relationship between the two injuries. Therefore, the defense of misrepresentation is inapplicable for lack of any causal relationship between claimant's physical condition from the first back injury and his second back injury.
Reversed and remanded.
ROBERT P. SMITH, Jr., C.J., and WENTWORTH, J., concur.
NOTES
[1] The employer did not contend that the misrepresentations by the claimant were sufficient to vitiate the entire employment contract. Therefore, we consider the legal rights of the parties in the posture of a subsisting employer-employee relationship. Martin Company v. Carpenter, 132 So.2d 400, 404-05 (Fla. 1961).