440 So.2d 39 (1983)
Edward CYCENAS, Appellant,
v.
SARASOTA COCA COLA BOTTLING COMPANY and Fireman's Fund Insurance Company, Appellees.
No. AP-285.
District Court of Appeal of Florida, First District.
November 8, 1983.
Rehearing Denied November 29, 1983.
John H. Thompson, IV, of Earle & Thompson, St. Petersburg, for appellant.
John J. O'Riorden of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellees.
JOANOS, Judge.
The deputy commissioner erroneously determined that a causal relationship was shown between claimant's misrepresentation on his employment application and his subsequent work related injury and that the employer/carrier's defense pursuant to Martin Co. v. Carpenter, 132 So.2d 400 (Fla. 1961), was established. Therefore we reverse.
*40 In order for the Martin Co. v. Carpenter defense to apply there must be a medical relationship between the present injury and the misrepresented physical condition resulting from an undisclosed prior injury, see Higgins v. Trigil Repair, Inc., 436 So.2d 222 (Fla. 1st DCA 1983). There is no competent substantial evidence to support the deputy commissioner's conclusion that such a causal relationship existed. That both injuries involved claimant's back is not sufficient to show causal relationship, and the medical testimony does not indicate a causal relationship.
Before he began working for employer on June 30, 1981, claimant worked eight to ten hours a day as a backhoe operator. In May, 1981, he began developing a backache around noon each day. He reported to a hospital emergency room physician that he thought he had lifted a ramp incorrectly and caused the problem. The emergency room physician diagnosed muscle spasm and gave claimant some medication and a back supporter to wear. After missing two days of work, claimant returned to his job and worked until he was laid off on June 25, 1981. Claimant said a week after he went to the emergency room the back pain was gone and he had no more problems at work.
Claimant applied for work with employer on June 26, 1981. The job he sought was that of a route salesman, which involves transporting bottles of the product into buildings, removing empty bottles, and driving a truck. On the application form claimant indicated he had never worn a back brace and never had back trouble or a back injury or ailment. After a physical examination, during which the examining physician was unaware of claimant's previous back trouble, claimant went to work for employer. On September 10, 1981, claimant was injured when he slipped and fell while climbing out of his truck to make a delivery. Claimant continued to work until September 16, when he could no longer bend over due to severe pain in his right hip and leg. The company physician diagnosed a bruise. Claimant still continued to work, but his back problem became worse. On his own he went to a chiropracter who treated him and sent him to Dr. Lascelle, an orthopedic physician. On October 13, 1981, Dr. Lascelle diagnosed a herniated disc as a result of the September 10, 1981 accident, and eventually performed surgery. In his deposition Dr. Lascelle said he could not say the problem he treated claimant for surgically was related to claimant's previous back problem. He noted that the physician who treated claimant for the problem he had in May, 1981, had not mentioned any neurological symptoms in her report. The company physician said had he known of claimant's previous problem his opinion of whether claimant was able to perform the job with employer might have differed. Based on an assumption that claimant had a disc problem previously, an assumption which was unsupported in the record, he said he probably would not have recommended claimant for the job. Claimant said he did not have problems with his legs and feet as a result of the first back problem as he did after the September 10, 1981 accident, and he was having no problems when he took his preemployment physical. None of this evidence indicates a causal relationship existed between the prior lifting injury and the disc herniation which resulted from the slip and fall. There is no competent substantial evidence that the prior injury contributed to or was aggravated by the subsequent accident, see Blaine v. Paks Food Store, 382 So.2d 132 (Fla. 1st DCA 1980).
The deputy commissioner made a separate finding that the misrepresentation by claimant was of sufficient magnitude as to vitiate the employment relationship, and appellee points to this conclusion as establishing a separate basis under Martin Co. to deny compensability of the accident. After examination of Martin Co. and the cases which have followed it, we conclude that no such separate standard was adopted in that case. While there was a discussion in Martin Co. of cases from other jurisdictions in which it had been decided that the employee's fraud "went to the factum of employment contract" and therefore vitiated that contract without regard to causal relationship *41 between the misrepresented physical condition of the employee and the alleged compensable injury, 132 So.2d at 404-405, the rule adopted in Martin Co. and consistently applied by the Florida Supreme Court and this court is that:
a false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen's Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer.
See Georgetown Manor Furniture Co. v. Smith, 281 So.2d 18 (Fla. 1973); Higgins v. Trigil Repair, Inc., supra; Montgomery Ward & Co. v. Provenzano, 394 So.2d 1081 (Fla. 1st DCA 1981); Doric Food Co. v. Allen, 383 So.2d 316 (Fla. 1st DCA 1980); Blaine v. Paks Food Store, supra.
REVERSED and REMANDED for further proceedings in light of this opinion.
WIGGINTON and ZEHMER, JJ., concur.