THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order in which the deputy commissioner (deputy) found that the E/C failed to satisfy the elements of the misrepresentation defense as set forth in Martin Company v. Carpenter, 132 So.2d 400 (Fla.1961) and awarded benefits for a low back injury. The E/C argue the deputy erroneously concluded that claimant had not misrepresented his prior physical condition when completing his application for the employer herein. We agree with the E/C and reverse.
One of the questions asked of claimant on the application for employment was “Have you ever received compensation for injuries?” Claimant checked the “no” box in responding to this question. However, in the 1940’s, prior to filling out the application in question, claimant injured his foot while he was in the United States Navy. At the time claimant filled out the employment application in question, he was receiving a thirty percent disability from the Navy for this injury. Additionally, in 1956, also prior to filling out the instant application, claimant sustained a back injury while a police officer in Reading, Massachusetts. Although claimant said no workers’ compensation was involved, he agreed that this 1956 injury was treated as an on-the-job injury and that the town of Reading paid his full salary during the time he was unable to work as a result of the injury and paid for his medical expenses. Claimant *637 subsequently chose to take disability retirement from the Reading Police Department which amounted to $550 per month at the time of the hearing. He was receiving this disability retirement at the time he filled out the employment application herein. Furthermore, sometime in the early 1960’s, also prior to the time claimant filled out the instant employment application, claimant was involved in an automobile accident which he felt had aggravated his back. As a result of this accident he filed a law suit which was ultimately settled for $1,500. When questioned about his interpretation of the word “compensation” used in this application question, claimant indicated he thought it meant workers’ compensation and that he did not think of disability as compensation.
Another of the questions asked of claimant on the application for employment was “Do you have any physical handicaps which would prevent you from performing specific kinds of work?” This question was immediately followed by: “If yes, describe the defect(s) and explain the work limitations.” Claimant answered “No” to the question and accordingly did not respond to the explanation portion of the inquiry. The claimant testified that he chose disability retirement because of his physical defects and limitations which prevented him from handling drunks, which was a duty of one of the jobs offered him at the police department, and carrying stretchers.
There is no competent substantial evidence to support the deputy’s finding. The claimant had previously suffered a foot injury, had previously suffered a back injury, which eventually required a laminecto-my, and had been in an automobile accident which he agreed had aggravated his back. At the time claimant filled out the application in question, he had received money as a result of these injuries and was still receiving moneys as a result of the first two. In addition, by his own testimony, he was unable to perform a job with the police department which required him to wrestle drunks or carry stretchers. Public Gas Company v. Smith, 386 So.2d 258 (Fla. 1st DCA 1980), cited in the order in support of the deputy’s conclusion that claimant’s interpretation was logical, believable, and reasonable, does not support such a conclusion. In Public Gas Company this court concluded that although the claimant possibly knew of a previous abnormal back x-ray, the claimant’s negative answer to “list any physical defects” did not necessarily amount to a false application for employment, as the claimant could have reasonably interpreted the inquiry to refer to “defects” existing and symptomatic at the time of the injury. However, the employment application in the instant case specifically established the relevant time frame for the compensation inquired about as “ever.” Additionally, even if the question could have been interpreted as referring to compensation being received at the time claimant filled out the application, claimant should have responded affirmatively as he was admittedly receiving disability payments from the Navy and disability retirement from the Reading Police Department at that time.
As indicated in Higgins v. Trigil Repair, Inc., 436 So.2d 222, 223 (Fla. 1st DCA 1983), the Carpenter defense requires a “medical relationship between the claimant’s present injury and his misrepresented physical condition at the time of employment resulting from an undisclosed prior injury.” See also Cycenas v. Sarasota Coca Cola Bottling Co., 440 So.2d 39 (Fla. 1st DCA 1983). Dr. Smolensky’s testimony concerning claimant’s present injury and the back surgery that was necessitated by the 1956 back injury indicates the existence of such a causal relationship in this case. Since the remaining elements of the Carpenter defense exist, the order is REVERSED.
SHIVERS and JOANOS, JJ„ concur.