465 So.2d 648 (1985)
Norman DUNNELL, Appellant,
v.
ROBBINS WAREHOUSE and American Mutual Liability Insurance Company, Appellees.
No. AY-88.
District Court of Appeal of Florida, First District.
March 22, 1985.
Rehearing Denied April 10, 1985.
Marvin J. Kristal of Ira J. Druckman, P.A., Miami, for appellant.
Laurence F. Valle of Underwood, Gillis, Karcher & Valle, P.A., Miami, for appellees.
*649 MILLS, Judge.
Dunnell appeals from an order denying workers' compensation benefits based on a Martin Company v. Carpenter defense. We find the order is not supported by competent substantial evidence and reverse.
Dunnell was working as a truck driver for Robbins Warehouse in 1980 when he injured his back. Before going to work for Robbins, Dunnell filled out an employment application and answered "no" to the question: "Have you ever been injured before?" In fact, Dunnell injured his back while working for another employer in 1974.
He could not recall when or where he was treated for the 1974 injury but admitted he was prevented from working for approximately one year.
Dr. Ennis, an orthopedic surgeon who examined Dunnell following the 1980 accident, diagnosed recurrent lumbar radiculitis. When asked by Dunnell's counsel whether the condition was, within reasonable medical probability, causally related to the 1980 accident, he responded:
Based on the information, I have to say it is, just in terms of the sequence of his complaints and the persistence of them timewise.
Ennis, however, had not been informed of Dunnell's 1974 accident. When asked if this accident would be important in forming an opinion as to causation, Ennis stated it would.
On recross-examination, the following occurred:
Q. Doctor, assume that he had no problems at the time he injured himself for the accident you were treating him for which was December 9th, 1980, and he was able to work prior to that, would you then say that the findings that he has now are related to the accident that he described to you?
MR. VALLE: I object to the form unless you can say within a reasonable degree of medical probability.
THE WITNESS: I think you can say that his symptoms may be related to that accident. However, the previous  whether the findings on EMG or diskogram could be related to that accident 
MR. VALLE: Or CAT scan?
THE WITNESS:  or CAT scan. And my answer to that, I don't think you could tell because it is entirely possible to have an injury at a disc at that time, at that level which would have showed up on a CAT scan or EMG or diskogram to be abnormal and yet still have the patient asymptomatic at the time of his most recent injury.
Dunnell argues there is no competent substantial evidence of a causal relationship between the injury and the false representation, a requirement if an employee's false representation as to physical condition is to preclude workers' compensation benefits. Martin Company v. Carpenter, 132 So.2d 400 (Fla. 1961). The causal relationship is a medical relationship between the present injury and the misrepresented physical condition resulting from an undisclosed prior injury. Cycenas v. Sarasota Coca Cola Bottling Co., 440 So.2d 39 (Fla. 1st DCA 1983); Higgins v. Trigil Repair, Inc., 436 So.2d 222 (Fla. 1st DCA 1983).
The employer/carrier argue it is unnecessary to establish a causal relationship if the misrepresentation would have precluded employment in the first place. This Court rejected this argument in Cycenas, supra. It is necessary to prove a causal relationship between the injury and the false representation. This has not been done here.
In Cycenas, the claimant, who hurt his back working for the employer, stated on his employment application that he had never had a prior back injury. In fact, he had. The deputy denied benefits based on Martin Company v. Carpenter. This Court reversed because there was no competent substantial evidence of a medical relationship between the present injury and the misrepresented physical condition. The Court noted the testifying physician could not say there was a causal connection.
Here, no one, including Dr. Ennis, testified that Dunnell's condition was related to *650 a prior injury. Thus, a causal relationship was never established.
REVERSED.
JOANOS and BARFIELD, JJ., concur.