538 So.2d 1305 (1989)
Benny JOHNSON, Appellant,
v.
BENDER CONSTRUCTION COMPANY and Feisco, Appellees.
No. 88-763.
District Court of Appeal of Florida, First District.
February 10, 1989.
Rehearing Denied March 27, 1989.
Thomas G. Gergora of Hurt & Parris, P.A., Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Richard H. Weisberg and Kristin Swanson Pringle of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellees.
PER CURIAM.
This cause is before us on appeal from an order of the deputy commissioner dismissing a compensation claim based on Martin Company v. Carpenter, 132 So.2d 400 (Fla. 1961). Claimant Benny Johnson, a 37-year-old man with a tenth-grade education and a work history of hanging sheet rock his entire adult life, injured his lower back and legs on March 1, 1987, when sheet rock fell on him in the course and scope of his employment. Prior to being hired by the employer, claimant had a history of prior back injuries and workers' compensation claims. Approximately 20 years ago, claimant injured his legs, abdomen, and thorax in a work-related accident. As a result of his injuries, he had to undergo *1306 several operations, was off work for approximately two years, and received a workers' compensation settlement. In November or December 1983, claimant was involved in another industrial accident while moving sheet rock for David Paint & Drywall. He was hospitalized for four days and treated for pain in the upper thoracic spine area and shoulder blades. He was released in April 1984, with no restrictions or permanent physical impairment.
A few days after claimant was hired by the instant employer in December 1986, claimant filled out an application and health questionnaire for the employer. On the health questionnaire, claimant answered "no" to questions concerning whether he "ever had a back or neck injury," "ever had a state claim for an industrial injury," "ever had any operations," or currently had any disability not covered by the rest of the application. The employer's hiring agent indicated that the purpose of the questionnaire was to determine the physical condition and limitations of potential employees and testified that he relied on claimant's application in hiring him. The hiring agent also testified that claimant never mentioned prior surgery, previous injuries to his back and neck, or any prior workers' compensation claims.
In Martin Company v. Carpenter and its progeny, Florida courts have held that a false representation as to physical condition or health made by an employee procuring employment will preclude the benefits of the Workers' Compensation Act for any otherwise compensable injury if there is a causal relationship between the present injury and the undisclosed prior injury, knowledge by the employee that the representation is false, reliance by the employer on the false representation, and consequent injury to the employer as a result of his reliance. Kalbes v. Armour Industrial Security, 483 So.2d 124 (Fla. 1st DCA 1986); Cycenas v. Sarasota Coca-Cola Bottling Company, 440 So.2d 39 (Fla. 1st DCA 1983); Higgins v. Trigil Repair, Inc., 436 So.2d 222 (Fla. 1st DCA 1983). All elements must be present before benefits are precluded. Blaine v. Paks Food Store, 382 So.2d 132 (Fla. 1st DCA 1980).
In the present case, the employer and carrier failed to establish a causal relationship between claimant's false representations and his injury. The causal relationship in Martin v. Carpenter is a medical relationship between the present injury and the misrepresented physical condition resulting from an undisclosed prior injury. In the instant case, there is no evidence that claimant's low-back pain is in any way related to any undisclosed or misrepresented prior condition. None of claimant's physicians testified that there is a causal relationship between claimant's present condition and a prior injury. Where there is no medical testimony to establish a relationship between a claimant's present injury and the alleged misrepresented physical condition, it is error to deny a claimant's claim based on Martin v. Carpenter. Peterson v. Georgia Pacific Corp., 510 So.2d 1015 (Fla. 1st DCA 1987); Dunnell v. Robbins Warehouse, 465 So.2d 648 (Fla. 1st DCA 1985); Cycenas v. Sarasota Coca-Cola Bottling Company, supra; Higgins v. Trigil Repair, Inc., supra. A medical relationship between the present injury and claimant's undisclosed prior injury is not shown by evidence that both injuries involved claimant's back. Cycenas v. Sarasota Coca-Cola Bottling Company, supra.
Accordingly, we reverse and remand for proceedings consistent herewith.
BOOTH, JOANOS and MINER, JJ., concur.