MINER, Judge.
The claimant appeals a worker’s compensation order finding that he reached maximum medical improvement (MMI) by July 1987 with no permanent physical impairment, and denying him temporary disability or wage-loss benefits, future medical costs and penalties, interest, costs and attorney’s fees. He contends that the deputy commissioner’s (dc) finding that he reached MMI is not supported by competent substantial evidence, and alternatively, that the order is deficient in that it fails to explain acceptance of one physician’s testimony over the contrary testimony of several other physicians. We find that the record does not support the finding that the claimant reached MMI in July 1987, and we reverse.
The claimant’s accidents in three different employments date back to 1984. His first two accidents resulted in no permanent physical impairment and he reached MMI in both instances. On February 25, 1987, he injured his back and right arm in an automobile accident while delivering supplies for his employer. He suffered soft tissue injuries and complained of headaches and numbness in his arms. Dr. Steinmetz, a neurologist who examined him on the day of the accident, found no neurological consequences and did not impose any work restrictions. Except for conducting a thermogram test in June 1987, Dr. Steinmetz did not see the claimant after the initial examination. He recommended psychiatric evaluation and specifically deferred to the opinions of the other doctors examining the claimant after February -25, 1987.
In April 1987, Dr. Westervelt recommended physical therapy and psychiatric evaluation. The employer/carrier (e/c) rejected these recommendations. Dr. Lowell examined the claimant in May 1987, prescribing medication, x-rays, MRI scanning, physical therapy and a thermogram. In June 1987, thermography indicated asymmetrical temperatures between the claimant's right and left arms and Dr. Lowell informed him that the thermogram and an MRI scan tested positive. Dr. Newman conducted a psychiatric evaluation which revealed the claimant, “... tended to so-maticize his stress with a possible functional overlay to multiple symptomatology.” Dr. Lowell hospitalized the claimant for a myelogram and later for post-spinal cepha-lalgia in July 1987. The claimant’s myelo-gram was negative and Dr. Lowell diagnosed cervical and lumbar strain, finding that the claimant had not reached MMI in July and, although disabled, suffered no permanent physical impairment.
The claimant made several attempts to return to work or to seek other employment that did not exacerbate the pain in his arm. Still experiencing pain and without notice to the e/c, he unilaterally chose to leave the state in order to obtain light duty employment and reduce expenses by living with family members. Dr. Lowell deferred to any subsequent treating physician’s opinions regarding the claimant’s condition after he moved out of the state.
Dr. James treated the claimant in Alaska after July 1987, prescribing physical therapy and placing work restrictions on him. Dr. James testified that the claimant had improved, would continue to improve, and had not yet reached MMI as of November 24, 1987. He further explained that the claimant's condition was “self-limited”, explaining that it would not worsen and would improve on its own. He restricted the claimant to light duty employment, home exercises, swimming and palliative treatment.
The dc found that the claimant reached MMI in July 1987, by relying upon Dr. Steinmetz’ opinion and Dr. James’ testimo *1223 ny that the claimant’s condition was self-limited. However, he failed to explain why he accepted the neurologist’s opinion over the opinion of Dr. Lowell, who treated the claimant in July 1987.
This court’s vantage point is not inferior to the dc’s in interpreting medical evidence which is entirely presented by deposition. McCabe Bechtel Power Corp., 510 So.2d 1056 (Fla. 1st DCA 1987). The date of MMI marks the point after which no further recovery or improvement from an injury or disease can be reasonably expected. Section 440.02(7); Kirkland v. Harold Pratt Paving, Inc., 518 So.2d 1320, 1323 (Fla. 1st DCA 1987). The dc should explain reasons for accepting the opinions of two physicians over the opinions of the treating doctors where “(1) the reason for the finding in the order is not apparent from the record, or (2) it appears that the deputy commissioner has overlooked or ignored evidence in the record.” Curry v. Miami Dolphins, Ltd., 522 So.2d 1010, 1011 (Fla. 1st DCA 1988).
It is apparent from the doctors’ consistent medical testimony that the claimant has not yet reached MMI and still requires treatment. Each doctor, including Doctors Steinmetz and James, prescribed limited treatment, opined that the claimant’s complaints of pain had some psychiatric basis, and expected the claimant to improve. It is not apparent from this medical testimony, or any reasonable inferences drawn therefrom, that the claimant reached MMI in July 1987 or how the dc arrived at this conclusion. It is equally problematic how MMI could be set when none of the doctors testified that the claimant reached MMI or that MMI was imminent. The dc’s rejection of Dr. Lowell’s opinion and the other doctor’s testimony in favor of the limited testimony of Dr. Steinmetz, who expressly deferred to those opinions, is unsupported by competent substantial evidence.
It is probable that the dc misconstrued Dr. James’ testimony that the claimant’s condition was self-limited. “Self-limited” means a disease which runs its course in a specific period of time limited by its own peculiarities and not by outside influ-enees, which indicates that the claimant is stricken with a “job related” injury and that his condition will continue to improve. In fact, Dr. James specifically testified that the claimant did not reach MMI as of November 1987. The dc’s misplaced reliance upon Dr. James’ self-limited testimony overlooks proper reliance upon Dr. James’ direct MMI testimony.
Since the competent substantial evidence fails to support a time from which no further recovery or improvement from an injury or disease is reasonably anticipated, we find the dc erroneously found that the claimant reached MMI in July 1987. We find the issue of maximum medical improvement determinative of the remaining issues on appeal.
REVERSED and REMANDED for reconsideration of the date the claimant reached MMI.
BOOTH and JOANOS, JJ., concur.