PER CURIAM.
K. Neil Glassford and the Florida Insurance Guaranty Association, Inc. (e/c) challenge an order of the Judge of Compensation Claims (JCC) finding that the claimant reached maximum medical improvement (MMI), and awarding compensation benefits, medical expenses, costs and attorney’s fees. We affirm in part, reverse in part, and remand with directions.
The date of MMI marks the point after which no further recovery or improvement from an injury or disease can be reasonably expected. Section 440.02(7), Florida Statutes (1985), Cheuvront v. File One Office Supplies, 551 So.2d 1221, 1223 (Fla. 1st DCA 1989). Here, despite uncon-tradicted medical testimony that the claimant reached MMI on November 17, 1986, the JCC established MMI as February 16, 1987. Because there is no competent substantial evidence to support this finding, it is reversed and the case remanded for reconsideration of MMI in light of the record evidence.
We also reverse the award of temporary partial disability benefits, in that it exceeded the period for which they were claimed, December 1983 through September 1986. See Albertson’s, Inc. v. Natale, 555 So.2d 946 (Fla. 1st DCA 1990). On remand, the award should be limited to that period.
Appellants also challenge the JCC’s calculation of certain fringe benefits in his computation of wage loss benefits. Although we affirm the exclusion of the reasonable value of the claimant’s office rental, it was error to exclude as a fringe benefit one-half the rental value of his free use of a vehicle. Wage loss benefits should therefore be recomputed to include the full rental value of the vehicle during the period of the claimant’s free use thereof.
We also reverse the award of outstanding medical expenses, in that they were not properly at issue. See Montgomery Ward & Co. v. Provenzano, 394 So.2d 1081 (Fla. 1st DCA 1981). On remand, in accordance with the appellees’ concessions of error, the JCC shall consider the appropriate medical bills and payments, if any, permit entry of a “cost list” with supporting medical expenses before its submission to the e/c, and amend the award of future medical care by restricting authorization to Dr. Shea, the treating physician.
Finally, with regard to the JCC’s failure to reference a claim for permanent total disability benefits, remand would be unavailing, as no evidence supports an award of those benefits in this case. See McMeans v. F.E. Booker Co., 507 So.2d 135 (Fla. 1st DCA 1987). Appellants also challenge as unsupported by competent substantial evidence the JCC’s finding that they asserted the defenses of a general denial, former *91 controversion, no causation, and ability to work. On remand, the JCC shall clarify which of these determinations apply to the instant claim, and which to the former claim and previous order and shall demonstrate record support therefor. The order appealed from is affirmed in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
BOOTH, MINER and WOLF, JJ., concur.