ZEHMER, Judge.
Bruce Collier appeals a workers’ compensation order denying his claim for benefits, modifying a previous order to relieve employer and carrier from their obligation to pay benefits due under that order, and dismissing the entire case. Concluding that the application of the misrepresentation defense based on Martin Co. v. Carpenter, 132 So.2d 400 (Fla.1961), is not supported by competent, substantial evidence, we reverse.
Claimant sustained an industrial injury to his low back in June 1987 while helping a coworker load 240 pounds of fiberglass; the coworker slipped, and claimant caught the entire load. The employer and carrier initially accepted the accident as compensa-ble and paid some compensation benefits. They eventually controverted claimant’s claim for medical benefits, temporary total disability benefits, and authorization of Dr. Hatt, claimant’s treating physician, contending that claimant had misrepresented his pre-existing back condition on the application for employment.
In the appealed order, the judge of compensation claims found that claimant made an “intentional and knowing written misrepresentation of the condition of his low back in the process of obtaining employment with the employer herein.” The “written misrepresentation” to which the judge referred was found on a form entitled “General Health” that the employer required claimant to complete when he initially applied for the job and consisted of a check mark in the “no” box in response to the question, “Have you ever had problems with ... back injury.” The judge accepted Dr. Hatt’s opinion that there was a causal relationship between claimant’s congenitally weak low back and the industrial injury, and found that as a direct consequence of claimant’s misrepresentation regarding his physical condition, he sustained a significant aggravation of a pre-existing condition of his low back and caused employer and carrier to incur significant expense. Based on these findings, the judge denied the claim on the authority of Martin Co. v. Carpenter, 132 So.2d 400 (Fla.1961).
In Martin Co. v. Carpenter the supreme court held that
a false representation as to a physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen’s Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representa *1177 tion and (3) such reliance resulted in consequent injury to the employer.
132 So.2d at 406 (emphasis added). The record in this case does not contain competent, substantial evidence to support the application of the Martin Co. v. Carpenter defense. First, the ambiguous and indefinite character of the question contained on the employer’s application form does not support a finding of intentional misrepresentation on claimant’s part. Claimant’s written statement was that he had never had problems with a back injury; he was not asked whether he had a congenital abnormality in his back. Thus, in responding to the question posed, he did not misrepresent the congenital condition that the judge found was causally connected to the industrial injury. Second, the record does not establish that claimant knew he had a congenital abnormality in his spine before the 1987 industrial injury. Dr. Ruane specifically testified that he did not realize that claimant’s spinal column was longer than normal. Thus, he could not have advised claimant previously of such abnormality. Dr. Sprenger testified that he did not recall whether he advised claimant of the x-ray findings with regard to his congenital back condition. Finally, Dr. Hatt, who did not begin treating claimant until the day of the industrial injury, testified that claimant would not have been aware of his congenital spine abnormality without a doctor advising him of such condition. The record simply does not support a finding that claimant knowingly misrepresented his congenital back condition to his employer.
Claimant previously sustained an injury to his back in 1985, and employer and carrier argue that the evidence supports a finding that claimant’s 1985 back injury is causally connected to the industrial injury. The judge did not find that these two injuries were causally connected, however, no doubt because on this record such finding is not supported by competent, substantial evidence. Dr. Hatt was the only physician who examined claimant after the 1987 industrial injury under review, and thus is the only testifying physician who could have causally connected these two injuries. Dr. Hatt testified that there was no relationship between the 1985 injury and the 1987 industrial injury.
Because the record contains no evidence that the 1987 industrial injury is causally related to the statement by claimant on the health questionnaire, the order denying his claim for benefits and modifying the previous order to relieve employer and carrier of their obligation to pay benefits due under that order is reversed and the case is remanded for further proceedings. See Johnson v. Bender Construction Co., 538 So.2d 1305 (Fla. 1st DCA 1989).
REVERSED AND REMANDED.
MINER and WEBSTER, JJ., concur.