HOBSON, Justice.
Petitioner was injured by a fall which occurred while she was employed by the respondent employer as a hotel manager. Following a hearing on her controverted claim for Workmen’s Compensation benefits, the deputy commissioner entered an order in which he found that the petitioner’s injury was compensable. On application for review the Florida Industrial Commission reversed the deputy’s order and dismissed the claim on the ground that the fall was "idiopathic”, and “apparently arose out of conditions personal to the claimant”. It was held that since the environment of the employment provided no hazard which contributed to the injury, the injury did not “arise out of” the employment. To review this order of the commission, petitioner seeks a writ of certiorari.
The record discloses that there is competent substantial evidence in accordance with logic and reason to support the deputy’s finding that petitioner suffered a com-pensable industrial accident. Here again, as in the recent case of Edwards v. Metro Tile Company, Fla., 133 So.2d 411, Case #31,062, opinion filed October 4, 1961, the Commission has failed to apply the competent substantial evidence test to the findings of the deputy as prescribed by United States Casualty Company v. Maryland Casualty Company, Fla., 55 So.2d 741. Moreover, in the instant case the majority members of the Commission themselves indulged in speculation and reached an independent finding of fact which is totally unsupported by the record
In reversing the finding of the deputy, the majority of the commission obviously relied on the claimant’s testimony in answer to the query: “How did you come about slipping and falling on this particular day?” Her reply, in part was “That I don’t know.” However, that was not her entire answer. She went on to say, “I just know I got two sheets out of the linen closet. I had a robe on. Whether I caught my robe or whether the carpet was loose or whether I tripped on that or not, I don’t know.”
It is urged by counsel for the respondents that petitioner’s answer as above quoted should be interpreted to mean simply that she didn’t know what caused her to fall. However, it is not for the full commission nor for this court to glean from the language used by the petitioner and upon the perusal of a cold typewritten record the proper inference to be drawn from the said answer of the petitioner. Neither the commission nor this court was privileged to observe the petitioner when she testified and take note of her inflections and emphases.
Certainly, a permissible inference to bt drawn from this testimony, when considered in its entirety is that the claimant either fell because she became entangled in her robe or because she tripped on the carpet. Either of these alternatives would render the accident compensable (as it was held to be by the deputy commissioner), and would exclude any inference that the fall was idiopathic. Such a finding by the commission was patently based on conjecture and is completely without support in the record. For these reasons the order of the full commission must be quashed.
The respondent’s application for review by the full commission asserted a number of alleged errors in the deputy’s order which the commission did not dispose of. Respondent is entitled to a review of these matters by the full commission. Accordingly, the order complained of by the petitioner is quashed, but the cause is remanded to the full commission for a review of the *206 points not considered by it or by this opinion.
It is so ordered.
TERRELL, DREW and THORNAL, JJ., concur.
ROBERTS, C. J., and O’CONNELL, J., dissent and would deny certiorari.
THOMAS, J., dissents.