ENGLAND, Justice.
This case is before us upon a petition for certiorari to the Industrial Relations Commission, for which we have jurisdiction under Article V, § 3(b)(3) of the Florida Constitution.
Respondent’s claim for the death benefits now sought was first litigated in 1971. A Judge of Industrial Claims in that case found that Theron Lutz had died from a stroke caused by unusual exertion expended in cleaning stains from a shower stall during the course of his employment, and awarded benefits. The Commission reversed the Judge’s order on the ground that it was not supported by substantial and competent evidence establishing a causal relationship between Lutz’ employment and his death. This Court denied certiorari.[1]
Subsequently another evidentiary hearing was conducted before another Judge of Industrial Claims. The evidence introduced at this second hearing repeated that which was previously in the record, with the addition of one interchange between the Judge and the doctor who had diagnosed the cause of death. This exchange developed a statement from the doctor that, within a reasonable medical certainty, cleaning stains from a shower stall would have contributed to Lutz’ death if it had *428 taken an unusual effort. In the first proceeding the doctor had considered Lutz’s cleaning activity to be only one of various possible causes.
The record in the first proceeding, and now, contains no proof of the effort required to clean the shower stall, the nature of the stains removed, the time involved in removing them, or the materials and chemicals used by Lutz. The record does show that he had to go over the stains three times to remove them. The record also shows, however, that during the one-hour period he was performing various cleaning and plumbing tasks in the shower area Lutz left the building on several occasions, and that his specific complaints of strain were not directed to this cleaning effort but rather to the exertion required in lifting garbage cans he was required to empty. The evidentiary gaps as to causation were apparently a concern of the Judge of Industrial Claims, as he took judicial notice of the fact that a removal of stains caused by “iron sulfur water” is difficult. On this state of the record, the Commission affirmed the Judge’s order in a two to one decision.
Under our decisions in Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla. 1962) and Friendly Frost Used Appliances v. Reiser, 152 So.2d 721 (Fla. 1963), compensation would be available to Lutz’s widow if death had resulted from exertion unusual to the ordinary requirements of employment. In this case, there was simply no competent evidence to show that unusual exertion was required to perform the task alleged to have precipitated Lutz’ death, or that the task itself was causally related to Lutz’ death. The Commission erred in affirming the award. Orange County Board of County Commissioners v. Brenemen, 233 So.2d 377 (Fla. 1970).
Certiorari is granted, oral argument is denied, the order of the Commission is quashed, and the case is remanded to the Commission to direct the Judge of Industrial Claims to dismiss the claim.
OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, C. J., and ROBERTS and BOYD, JJ., dissent.

. Luts v. Gateway Sporting Goods Co., 278 So.2d 286 (Fla.1973).