355 So.2d 1166 (1977)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Petitioner,
v.
Virginia G. McCOOK, Employee, and Florida Industrial Relations Commission, Respondents.
No. 49837.
Supreme Court of Florida.
August 31, 1977.
Rehearing Denied April 5, 1978.
*1167 Peter L. Dearing of Mahoney, Hadlow & Adams, Jacksonville, for petitioner.
C. Wayne Alford of Jacobs, Sinoff, Edwards, Alford & Burgess, Jacksonville, for respondents.
ENGLAND, Justice.
By petition for a writ of certiorari we are asked to review a decision of the Industrial Relations Commission which approves an award of workmen's compensation benefits. We have jurisdiction under Article V, Section 3(b)(3) of the Florida Constitution pursuant to Section 440.27, Florida Statutes (1975). It is our conclusion that the Commission's decision departs from the essential requirements of law in that it violates fundamental principles underlying Florida's workmen's compensation statute, and that the decision must be quashed.
The facts of this case are undisputed. Virginia McCook had been an employee of Southern Bell Telephone and Telegraph Company for many years without accident or injury. In November 1974, she had occasion to use the restroom during a regularly scheduled break. When she attempted to use the toilet tissue, it fell to the floor. While seated, she reached over to pick up the tissue and suddenly experienced a sharp pain across her back which caused a grabbing sensation. After a few minutes she was able to return to her work, and she was able to finish the day on the job. That evening, while at home, the pain returned and she became disabled.
Later diagnosis and treatment established conclusively that McCook had a congenital abnormality in her lower back consisting of an extra vertebra and one large nerve root where there should have been two smaller nerve roots. The pain initially felt at work and later experienced at home was diagnosed to have resulted from pressure on the nerve root in the area of the extra vertebra, "triggered" by Mrs. McCook's movement in bending over while seated. It is conceded by all parties that the same occurrence could have taken place at any time or place she might have made a similar movement, or one having the same effect on the nerve root, and that the manifestation of pain would have been identical.
When the claim for benefits was presented to the judge of industrial claims, Southern Bell conceded that the episode of pain occurred during the course of employment, and McCook conceded that there was no external trauma or injury which precipitated the pain. On these facts the judge held that McCook's act of bending to pick up toilet tissue during working hours constituted an "accident arising out of and during the course of employment", and awarded benefits. On review the Commission affirmed the award in a form order.
The only legal issue in this case is whether McCook suffered an "injury", which is defined by Section 440.02(6), Florida Statutes (1975), as "personal injury or death by accident arising out of and in the course of employment... ." There are three separate elements to this definition, each of which must be proved before a compensable injury can be found to exist. For the purposes of this case, we assume *1168 that McCook suffered an "accident"[1] which occurred "in the course of employment."[2] The accident to McCook, however, is simply not one "arising out of ... employment", and we refuse to accept McCook's implied invitation to repeal judicially this latter requirement.[3]
In Bituminous Casualty Corp. v. Richardson, 148 Fla. 323, 4 So.2d 378 (1941), we adopted the following language from the Illinois Supreme Court's decision in Scholl v. Industrial Commission, 366 Ill. 588, 591, 10 N.E.2d 360, 362 (1937):
"The phrases `arising out of' and `in the course of employment' are used conjunctively. The words `arising out of' refer to the origin or the cause of the accident while the words `in the course of employment' refer to the time, place, and circumstances under which the accident occurs."
We elaborated on the "arising out of" requirement in Suniland Toys & Juvenile Furniture, Inc. v. Karns, 148 So.2d 523, 524 (Fla. 1963), where we said that a compensable injury
"must have originated in some risk connected with the employment or flowing as a natural consequence from the employment."
These holdings recognize the universal principle of workmen's compensation law that an idiopathic condition which results in injury to the worker does not "arise out of" employment unless the employment in some way contributes to the risk or aggravates the injury.[4]
In applying this principle to date, this Court has been careful to distinguish between physical damage suffered solely as a result of an idiopathic condition, and that suffered because of the combination of an idiopathic condition and the work place. We have held, for example, that the mere showing of an epileptic seizure, without more, does not prove a causal connection *1169 with the employment,[5] although hot and strenuous working conditions which induce an epileptic seizure do create a right to recovery.[6] Similarly, we have held that where an employee collapses solely due to an internal physical malfunction, the resulting physical damage does not arise out of the employment.[7]
Although research has revealed no decision of this Court identical to this case on its facts, an Arizona decision may be as close as it is possible to get. In Sacks v. Industrial Commission, 13 Ariz. App. 83, 474 P.2d 442 (1970), the worker suffered from a pre-existing lower back instability which was aggravated into a herniation of her lumbar discs when she arose from a toilet during a work break. The Arizona Court of Appeals held that there had been an "accident" which occurred "in the course of employment", but that since the risk of disc herniation was one peculiar to the worker and there was no basis to find that the structure or conditions of the place of employment contributed to the risk, the physical damage did not "arise out of the employment".
We believe the Sacks decision should be followed in Florida. McCook suffered from an idiopathic condition which manifested itself for the first time during the course of employment, for reasons entirely extraneous to her job conditions or duties. There was no causal connection whatsoever between the employment and the aggravation. She simply made a normal movement which, due solely to her idiopathic condition, produced disability. We cannot permit the Commission to convert the workmen's compensation statute into a mandatory general health insurance policy which does not limit the burden on industry to those ailments produced even remotely by the hazards of industry. We have previously indicated that the Commission has no such authority.[8] A transformation of this magnitude must be made by the Legislature.
The petition for the writ of certiorari is granted and the order of the Commission is quashed. This case is remanded with directions to dismiss the claim.
OVERTON, C.J., and BOYD, SUNDBERG, HATCHETT and KARL, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] The term "accident" is defined by Section 440.02(18) as any "unexpected or unusual event or result, happening suddenly." The leading decision of this Court explaining the definition of "accident" is Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581, 588 (Fla. 1962), where we stated that

"an internal failure, such as a strained muscle, ruptured disc, `snapped' knee-cap, and the like, brought about by exertion in the performance of the regular or usual duties of the employment, may be found to be an injury `by accident,' without the necessity of showing that such injury was preceded by some incident, such as a slip, fall or blow."
The fact that McCook's condition was sudden and unexpected distinguishes this case from Martin Co. v. Carpenter, 132 So.2d 400 (Fla. 1961), and City of Tallahassee v. Roberts, 155 Fla. 815, 21 So.2d 712 (1945), in both of which cases the employee's painful condition had been a known and continuing fact. This case is more like Simmons v. City of Coral Gables, 186 So.2d 493 (Fla. 1966), where it was shown that a pre-existing knee condition suddenly became disabling as a result of rigorous police academy training. These and other "internal failure" cases have generally required an exertion or strain beyond the normal rigors associated with the tasks required of the employee. See, for example, Gateway Sporting Goods Co. v. Lutz, 328 So.2d 427 (Fla. 1976). Though on careful analysis our decisions to date are relatively consistent, the Court's opinions are at times confusing because there has been a general failure to articulate with care the distinctions between the statutory requirements of "accident" and "arising out of" employment.
[2] The fact that McCook was attending to a personal matter at the time of the accident is irrelevant, since it was incidental to employment and therefore a matter within the "personal comfort doctrine". See 1 A. Larson, The Law of Workmen's Compensation §§ 21.00, and 21.53 (1972).
[3] During oral argument, McCook's counsel acknowledged that the position he has argued would require an employer to compensate an employee for a manifestation of a congenital defect occurring as a result of the employee's reaching for a water cup at a water cooler on the employer's premises, or any other wholly normal motion fortuitously occurring during the workday. He also conceded that the same physical motion or activity might give rise to the same manifestation of pain if it occurred after work-hours, though in that case there would be no recovery against the employer and probably no personal injury claim against anyone else. In short, he requested this Court to construe the "arising out of" requirement out of the statute, for all practical purposes.
[4] See 1 A. Larson, The Law of Workmen's Compensation § 12.00 (1972).
[5] Reed v. Brinson Elec. Co., 50 So.2d 877 (Fla. 1951).
[6] Diamelio v. Royal Castle, 148 So.2d 8 (Fla. 1962).
[7] Federal Elec. Corp. v. Best, 274 So.2d 886 (Fla. 1973). See also Damon v. Central Hotel, 135 So.2d 204 (Fla. 1961), concerning sufficiency of evidence showing a fall was not idiopathic.
[8] See General Properties Co. v. Greening, 154 Fla. 814, 820, 18 So.2d 908, 911 (1944).