383 So.2d 316 (1980)
DORIC FOOD COMPANY and Fireman's Fund Insurance Company, Appellant,
v.
Elza Rayford ALLEN, Appellee.
No. QQ-345.
District Court of Appeal of Florida, First District.
May 13, 1980.
*317 C. Thomas Ferrara of Pitts, Eubanks & Ross, Orlando, for appellant.
Edward H. Hurt and Donna L. Bergh, Orlando, for appellee.
MILLS, Chief Judge.
Doric Food Company and Fireman's Fund Insurance Company appeal an order of the Judge of Industrial Claims rejecting their Martin v. Carpenter defense and awarding workers' compensation benefits to Elza Rayford Allen. We reverse.
Martin v. Carpenter, 132 So.2d 400 (Fla. 1961), is the landmark case involving an employer-carrier's defense against an otherwise compensable injury on the ground that the employee fraudulently procured employment by misrepresenting her physical condition. In that case, the Supreme Court held that compensation would be precluded under the following conditions:
"... if there is shown to be a causal relationship between the injury and the false representation and if it is shown that (1) the employee knew the representation to be false, (2) the employer relied on the false representation, and (3) such reliance resulted in consequent injury to the employer."
In the instant case, Allen admits that there were false representations and they were knowingly and intentionally made. He was untruthful on his employment application; his medical history questionnaire; and, initially, on deposition in this claim.
As for the employer's reliance on the false representation, the unrebutted testimony is that the woman who took Allen's application scheduled an appointment for a pre-employment physical examination for him based on the answers in the application. She testified that had Allen answered the questions concerning prior back injuries and prior compensable injuries honestly, she would not have scheduled the examination but would have referred the application to her supervisor. Also unrebutted was the testimony of the doctor who had examined Allen twice. He stated that he performed only a cursory examination based on the representations in the medical history questionnaire and, he asserted, if Allen had ever indicated a prior back injury, he would have performed a more thorough examination.
There was also testimony by the Doric supervisor, Robert E. Miller, that he would not have hired Allen if he had known of the prior back injury. The record reveals an attempt by Allen to rebut the supervisor's testimony with testimony by a rehabilitation counselor. That witness stated that while he was looking for employment for another client who had a back injury, he contacted Doric Food and talked with Miller about employment possibilities for his client. Miller told him that he had never hired anyone with a back injury; but since the counselor told him there was some program which would allow him to keep his workers compensation rates low even if he hired someone with a prior back injury, he was willing to discuss the employment possibilities for the rehabilitation counselor's client.
This testimony does not rebut Miller's contention that he never would have hired someone with a prior back injury under the circumstances at issue here. In fact, it underlines the policy reasons announced in the Martin v. Carpenter decision:
"First, this Court, and others, have in construing the Act determined that there is a presumption that the `employer takes the employee as he finds him.' Davis v. Artley Const. Co., 1944, 154 Fla. 481, 18 So.2d 255, and Borden's Dairy v. Zanders, Fla. 1949, 42 So.2d 539.
"Except as limited by Sec. 440.151(1)(b) and Sec. 440.02(19) F.S.A. this presumption makes the employer responsible for compensation benefits to an employee who at the time of employment suffered a disease or bodily infirmity which is accelerated or aggravated by a compensable injury. In other words the presumption places on the employer the risks attendant upon hiring an infirm employee.
"This presumption makes it wise that an employer determine before employment what state of health an employee enjoys in order to avoid the risks which are *318 resultant from hiring an infirm employee. We do not think the misrepresentations of an employee should be allowed to defeat the efforts of the employer to protect himself from this presumption and the assumed risks.
"Second, by Sec. 440.15(5), F.S.A. our legislature, in an effort to encourage the employment of those afflicted or disabled in some way, has created a special disability, or second injury, fund which allows an employer to be reimbursed for compensation paid an employee for disability due to a pre-existing condition. To have resort to this fund, however, the employer probably must either have had knowledge of the pre-existing condition when he hired the employee, or have continued the employment after obtaining knowledge thereof.
"Thus, an employee who misrepresents a condition which is causally related to a subsequent claim for benefits not only robs the employer of making a choice as to whether he will or will not hire the employee with the risks attendant thereon, but also denies the employer resort to the special disability fund."
In the instant case, the Judge ruled: "... the employer did not rely primarily on said application in hiring the claimant, but relied instead on the physical examinations of Dr. Crow (Brevard County Board of County Commissioners v. Robinson, IRC Order 2-2718, January 31, 1975; Storey v. Dade Drydock Corporation, IRC Order 2-1467, June 30, 1965)." We disagree with this conclusion.
Firstly, the test is only whether the employer relied on the false representation, not whether it relied primarily on the false representation. Secondly, the record supports even the more difficult test of primary reliance because it clearly establishes that Allen would not have been hired or even have been given the pre-employment physical but for his misrepresentations. City of Homestead, Dade County v. Watkins, 285 So.2d 394 (Fla. 1973). Furthermore, the cases cited by the Judge in support of this finding are inapplicable to the facts of this case. In Robinson the Industrial Relations Commission refused to apply the Martin v. Carpenter doctrine because the doctor who performed the physical examination was the same doctor who had treated the claimant for a previous back injury and workers' compensation claim and his knowledge of the prior back injury was imputed to the employer. In Storey the IRC held that the highly visible five-inch scar on the claimant's back indicated previous back injuries and that knowledge was also imputed to the employer. Here, there was no prior relationship between Dr. Crow and Allen and there were no visible signs of previous back injuries.
The final issue is whether there was a causal relationship between the injury and the false representation. The Judge concluded the legal test was the relationship between the falsification and the accident and applied this test in resolving to deny the employer-carrier's Martin v. Carpenter defense. This was error. For this reason this cause must be reversed and remanded with directions that the Judge (now Deputy Commissioner) reevaluate the Martin v. Carpenter defense in light of this opinion and apply the proper causal relationship test.
The third issue on appeal is without merit.
REVERSED and REMANDED with directions.
ERVIN and SHIVERS, JJ., concur.