388 So.2d 345 (1980)
CITRUS MEMORIAL HOSPITAL and Aetna Casualty & Surety Company, Appellants,
v.
Violette Denise CABRERA, Appellee.
No. RR-136.
District Court of Appeal of Florida, First District.
September 30, 1980.
James F. Pingel, Jr., of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellants.
Frank C. Amatea, Ocala, for appellee.
McCORD, Judge.
Appellants, employer/carrier, appeal from a workers' compensation order which found that appellee suffered a compensable accident. We affirm.
Appellee, a registered nurse, fractured her right wrist while using the restroom facilities at work when her right foot slipped and she fell on the commode, breaking her fall with her right hand. Appellants contested her claim for compensation, asserting that her injury did not arise out *346 of and in the course of her employment. They rely on Southern Bell Telephone & Telegraph Company v. McCook, 355 So.2d 1166 (Fla. 1977), to support their contention. In McCook, the claimant aggravated a pre-existing back condition while using a restroom at work when she reached over to pick up a roll of tissue paper and suddenly experienced a sharp pain in her back. The court in that case stated:
... where an employee collapses solely due to an internal physical malfunction, the resulting physical damage does not arise out of the employment. [Federal Elec. Corporation v. Best, 274 So.2d 886 (Fla. 1973).]
The court thereupon found that although McCook suffered an "accident" which occurred "in the course of employment," the accident she suffered was not one "arising out of ... employment." The court followed the "universal principle of workmen's compensation law that an idiopathic condition which results in injury to the worker does not `arise out of' employment unless the employment in some way contributes to the risk or aggravates the injury." The court noted the distinction "between physical damage suffered solely as a result of an idiopathic condition, and that suffered because of the combination of an idiopathic condition and the work place."
The McCook case is distinguishable from the case at bar. Here, there is no evidence that appellee's accident was caused by an idiopathic condition which manifested itself while appellee was on the job. To the contrary, appellee slipped and fell on her right wrist with such force as to cause a fracture. The fact that appellee was tending to a personal need when her accident occurred does not render her injury noncompensable. The Supreme Court, in denying compensability in McCook on the particular factual basis presented there, recognized the validity of the following principle:
2. The fact that McCook was attending to a personal matter at the time of the accident is irrelevant, since it was incidental to employment and therefore a matter within the "personal comfort doctrine". See 1 A. Larson, The Law of Workmen's Compensation §§ 21.00, and 21.53 (1972).
AFFIRMED.
MILLS, C.J., and THOMPSON, J., concur.