WENTWORTH, Judge.
Claimant appeals a workers’ compensation order by which the deputy denied the claim and found no compensable injury. The evidence indicates that claimant sustained a head injury in a fall in the bathroom while at work. The deputy’s order found claimant “had a prior injury for which he was taking medication,” and, by a conclusion that the accident did not arise out of employment, the order suggests but does not find that claimant’s fall was caused by medication he had been taking. We determine, upon review of the record, that the deputy’s conclusion is not supported by competent substantial evidence.
Claimant worked the night shift for his employer and, upon completion of his initial employment duties, was permitted to sleep until again needed. On the night he sustained injury claimant testified he had fallen asleep and was awakened after falling in the bathroom and suffering a head injury on the tile floor. Although claimant can remember nothing about the circumstances of the fall, he was found in the bathroom, in a puddle of water, by a co-worker. There was uncontroverted evidence that on the night in question the bathroom was partially under construction, with the floor tiles uneven and being “torn up,” and the urinals leaking water.
In Wilhelm v. Westminster Presbyterian Church, 235 So.2d 726 (Fla.1970), the Court held that, where a claimant has established a logical cause of his injury the burden is then on the employer/carrier to show another cause more logical and consonant with reason so as to defeat compensability. In the present case we find the circumstances of claimant’s fall are sufficient to invoke that doctrine because, absent evidence of other causative factors, the facts are consistent only with a conclusion that the wet and uneven bathroom floor was causally related to claimant’s fall. Cf., Damon v. Central Hotel, 135 So.2d 204 (Fla.1961).
While the deputy’s order in the present case implies that the fall may have been caused by medication claimant was taking, the record does not contain evidentiary support for such a conclusion. Claimant testified that he had previously been under medication, but that he was not on medication the night he sustained injury. While claimant’s supervisor testified that claimant said he “had been taking medication prescribed by his doctor, that it was quite strong, and ... that his doctor indicated he shouldn’t be working,” that testimony made no refer *661 ence to medication at the time of the accident, and was based only upon conversation with claimant after treatment and medication for the current injury. The supervisor stated he did not know if claimant had taken any medication on the night of his injury, could not identify the time frame when claimant was taking medication, and did not know what kind of medication claimant was taking, or its effects. Resolving all credibility issues in favor of such testimony, it plainly does not establish a “more logical cause” of claimant’s injury as required by Wilhelm in the circumstances of this case, and the deputy erred in denying the claim.
The order appealed is reversed, and the cause remanded for further proceedings on the claim.
ERVIN and SHAW, JJ., concur.