399 So.2d 400 (1981)
Vilous BAKER, Appellant,
v.
ORANGE COUNTY BOARD OF COUNTY COMMISSIONERS, and Gallager Bassett Insurance Service, Appellees.
No. WW-42.
District Court of Appeal of Florida, First District.
June 1, 1981.
Rehearing Denied July 1, 1981.
*401 Gary Doane, of Whitaker & Koepke, Orlando, for appellant.
James B. Cantrell, Orlando, for appellees.
PER CURIAM.
Claimant appeals a workers' compensation order denying his claim for benefits. We disagree with the deputy's conclusion that the cause of claimant's injury "was extraneous to the employment," with no "contributing employment condition or circumstance," and reverse the order appealed.
The claimant is a road-grader operator whose work requires exposure to the weather. Because of a diabetic condition, claimant has a diminished sensitivity in his feet. After losing a portion of his big toe due to an employment-related frostbite, claimant was advised by his physician to take precautions against further exposure to the cold, and expressly instructed to keep his feet warm. As his employer was aware, claimant subsequently began wearing battery operated socks in extremely cold weather. While wearing such socks in February of 1979, claimant sustained severe burns on the bottom of his feet, resulting in gangrene and requiring the amputation of a portion of one foot. The evidence clearly showed that the burns were occasioned by the wearing of the electrical socks, but did not specifically establish that the heating mechanism had malfunctioned. Although claimant was outdoors during only a portion of the day of his injury, the weather was so severe as to require his wearing thermal underwear, insulated coveralls, his regular work clothes, and a jacket as well as the electrical socks.
The time, place, and circumstances of claimant's injury establish that it occurred in the course of employment, and the issue on appeal is whether it arose out of the employment. In this regard, to be compensable the injury must have originated in some work connected with the employment, or have occurred as a natural consequence of the employment; i.e., there must be a contributing employment cause. See Southern Bell Telephone and Telegraph Co. v. McCook, 355 So.2d 1166 (Fla. 1977); Suniland Toys and Juvenile Furniture, Inc. v. Karnes, 148 So.2d 523 (Fla. 1963). However, compensability is not defeated by the fact that an injury is sustained while an employee is furthering his personal comfort. See Cunningham v. Scotty Home Builders, 9 FCR 1 (1973), cert. denied, 307 So.2d 182 (Fla. 1974); Jim Jernigan's Studio v. Hopewell, 7 FCR 38 (1972); cf., McCook. In the present case, claimant's employment required his exposure to cold weather and, contrary to the deputy's conclusion, the employer's interest may reasonably be regarded as furthered by increased productivity from personal comfort activity such as claimant's maintaining warmth by wearing the electrical socks. Cf., Cunningham, supra (compensability of a refreshment break injury). We note that the present case does not involve an inherently dangerous instrumentality or activity or other circumstances to indicate either express or implied prohibition by the employer. See A. Larson, Workmen's Compensation Law, §§ 21.51, 21.80, 21.84 (Vol. 1A 1980). Claimant's injury was thus not wholly extraneous to the employment, and the contributing employment conditions and circumstances render the injury one which arose out of the employment.
The order appealed is reversed and the cause is remanded for further proceedings.
SHIVERS and WENTWORTH, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.