SHAW, Judge.
Claimant, at the time of her employment, suffered from a pre-existing back disease that was susceptible to aggravation. In the course of employment, she injured or aggravated her back by lifting and tossing twenty-five pound bags of coins into a small safe beneath her teller’s window, from a kneeling position. The deputy found that this injury was noncompensable, because it could as well have occurred in her nonem-ployment life and was routine to her job. We disagree. We consider that the physical damage here did not arise solely out • of claimant’s idiopathic condition, but that the lifting and tossing of the twenty-five pound dead weight bags of coins contributed to the risk and aggravated the injury. Thus, there is a causal connection between the employment and an injury arising out of that employment. See Southern Bell Telephone & Telegraph Co. v. McCook, 355 So.2d 1166 (Fla.1977) and Market Food Distributors, Inc. v. Levenson, 383 So.2d 726 (Fla. 1st DCA 1980).
On cross appeal, the employer/carrier urges that there was no timely or specific notice of the claimed injury. We see no merit in this argument, since it is clear from the record that the employer was on timely notice of the injury and its relationship to claimant’s employment.
REVERSED and REMANDED for proceedings consistent with this opinion.
MILLS and LARRY G. SMITH, JJ., concur.