MILLS, Judge.
In this workers’ compensation action, Santos appeals from an order denying compensation. We find the deputy erred in finding Santos did not have an industrial accident, but did not err in denying compensation based on a valid Martin Company v. Carpenter defense. We therefore affirm the order appealed.
Santos, a 55-year-old woman, worked in the employer’s laundry facility beginning in 1981. In applying for the job, she completed a health evaluation questionnaire, answering in the negative the question:
Circle yes or. no and underline the difficulty if you have or have had any of the following: back, neck, or spine pains or disorders.
In fact, Santos had prior back, neck, and spine injuries resulting in operations in 1968 and 1975.
Santcs testified she was at work on 11 March 1984, lifting a bundle of laundry, when she felt a “big crack” in her back. *577 She was afraid to tell her supervisor, Watson, what had happened, so she told another supervisor, Anna White. Anna White told Watson who then asked Santos what was the matter.
Santos testified she told Watson she had injured her back while lifting laundry. She said Watson told her to lie down in the employee’s break room. She rested there approximately 15 minutes, applied hot water to her back, and did light work the rest of the day.
According to Santos, she was unable to go to work the next day due to pain in her back. She said she called the employer’s insurance claims person who referred her to Dr. Bourguignon, an orthopedist.
Watson testified he was responsible for hiring Santos. He stated he would not have hired her had he known of her prior back, neck, and spine problems. Concerning the events of 11 March 1984, Watson was unaware of Santos being injured in a lifting accident. His testimony did reveal, however, that he knew Santos was experiencing back pain on the day in question.
Another supervisor, Steven White, testified Santos never told him she had hurt herself on the job in any manner.
Dr. Bourguignon diagnosed acute thoracic and lumbar strain superimposed on a pre-existent degenerative disc, disease, osteoarthritis of the spine, and post-surgical changes. He opined that the diagnosed strain was, within a reasonable degree of medical probability, causally related to the lifting incident of 11 March 1984. Bour-guignon also stated that a person with Santos’ medical history would be more likely to develop back strain.
Santos’ claim for temporary total, temporary partial, and medical benefits was controverted by the employer/carrier (E/C). They contended Santos did not have an industrial accident on 11 March 1984, and that Santos’ false representations on the health evaluation questionnaire barred her from receiving benefits under the rule of Martin Company v. Carpenter, 132 So.2d 400 (Fla. 1961).
The deputy denied compensation. He found Santos did not have an industrial accident on 11 March 1984 based on Watson’s and Steven White’s testimony that they had no knowledge of Santos having an accident on that date. He also found the claim barred because all elements of the Martin Company v. Carpenter defense were established. .
Where a claimant establishes a logical cause of his injury, the burden then shifts to the E/C to show a more logical cause. Wilhelm v. Westminster Presbyterian Church, 235 So.2d 726 (Fla.1970); Drybala v. Hangar One, Inc., 393 So.2d 660 (Fla. 1st DCA 1981). Santos presented a logical cause — lifting a bundle of laundry — and Dr. Bourguignon causally related the injury to the 11 March 1984 accident. The E/C presented no evidence of alternative causation. Thus, the deputy erred in finding no industrial accident.
In Martin Company v. Carpenter, the Florida Supreme Court stated:
[A] false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen’s Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer.
132 So.2d at 406.
The necessary causal relationship between the injury and the false representation is a medical relationship between the present injury and the misrepresented physical condition resulting from an undisclosed prior injury. Cycenas v. Sarasota Coca Cola Bottling Co., 440 So.2d 39 (Fla. 1st DCA 1983); Higgins v. Trigil Repair, Inc., 436 So.2d 222 (Fla. 1st DCA 1983). Dr. Bourguignon was asked by counsel for the E/C:
*578 Q. Now, considering the x-ray findings that you have and the history that Santos gave you, would you not agree that this lady with the changes that she’s got in her low back and the operative procedure, that is, Mrs. Santos was more likely to have a back sprain or strain than someone in the general population who had not had the problems with their back that Mrs. Santos did?
A. This is correct.
Q. And that’s with reasonable medical probability?
A. Yes.
This testimony is competent substantial evidence of a causal relationship.
There is competent substantial evidence that Santos knew the representations to be false, the employer relied upon the false representation, and such reliance resulted in injury to the employer. Regarding the question of reliance upon the false representation, there was some evidence which may have supported a finding that the employer had knowledge of the misrepresented physical condition prior to the industrial accident. The deputy, however, did not make such a finding. Watson’s testimony that he would not have hired Santos had he known of her pre-exist-ing condition was competent substantial evidence that the employer relied upon the false representation. Doric Food Co. v. Allen, 383 So.2d 316 (Fla. 1st DCA 1980).
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.