483 So.2d 124 (1986)
Roger F. KALBES, Appellant,
v.
ARMOUR INDUSTRIAL SECURITY AND CLAIMS CENTER, Appellees.
No. BG-200.
District Court of Appeal of Florida, First District.
February 14, 1986.
Rehearing Denied March 10, 1986.
Richard L. Seidel, Miami, for appellant.
*125 Scott Berglund of Miller, Hodges, Kagan & Chait, Deerfield Beach, for appellees.
NIMMONS, Judge.
Claimant appeals from the deputy commissioner's order denying his claim for workers' compensation, the deputy having been persuaded by the employer/servicing agent's defense under Martin Company v. Carpenter, 132 So.2d 400 (Fla. 1961). We affirm.
The claimant applied for work with the employer as a security guard in November 1981. On the employment application, claimant denied any prior back problem or previous injury and did not answer the question concerning whether he had received workers' compensation benefits. Mr. Fanning, the employer's then director of field operations who hired the claimant, testified that he interviewed the claimant. He testified that he did not remember the claimant ever telling him of any history of physical problems during the interview and that, if he had, there would have been a further investigation into the claimant's medical history so that an informed decision could be made concerning the claimant's application. Fanning also testified that the employer was "not going to put somebody out there who [was] going to have ... some kind of a physical problem while working... ."
In fact, the claimant had a considerable history of back injury. In 1974 or 1975 he injured his low back in an industrial accident, had surgery and received compensation benefits. In 1979, the claimant was involved in a second industrial accident in which he again injured his low back resulting in a bilateral laminectomy at the L4-L5 level and disc removal. He was left with a 25% permanent physical impairment.
The subject accident occurred in September 1982. The claimant, while on duty as a security guard, sustained a fall which resulted in injury to his low back for which injury he sought compensation benefits. The employer/servicing agent denied benefits on the grounds that the claimant had misrepresented his physical condition and medical history. The claimant filed his claim for benefits, a hearing was held and the deputy denied benefits because of the claimant's misrepresentations.
The rule of Martin Company v. Carpenter is that:
[A] false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen's Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer.
132 So.2d at 406. The causal relationship contemplated by the above rule is a medical relationship between the present injury and the claimant's physical condition caused by the undisclosed prior injury. Dunnell v. Robbins Warehouse, 465 So.2d 648 (Fla. 1st DCA 1985); Santos v. Scott Wetzel Services, 463 So.2d 575 (Fla. 1st DCA 1985); Cycenas v. Sarasota Coca Cola Bottling Co., 440 So.2d 39 (Fla. 1st DCA 1983). The testimony of Dr. Woolsey (a neurosurgeon) and Dr. Sciarretta (an orthopedic surgeon) clearly established the necessary causal relationship. It is also clear that the claimant had knowingly made false representations concerning his condition.
At this point, in order to determine whether the additional requisites of the Martin Company v. Carpenter defense, to wit: reliance upon the false representations and resultant injury to the employer, have been satisfied, we should first examine what was before the Supreme Court in Carpenter and what the Court said. There, Carpenter who had a history of back problems, completed a pre-employment "Physical Examination Record" which asked if the applicant had ever been subject to various diseases and infirmities including "Back injury or Backache." To this question Carpenter answered "No." *126 She then submitted to a "cursory physical examination" which apparently did not disclose her back problem. There was no evidence  at least none apparent from the Court's opinion  as to what the employer did in reliance upon Carpenter's misrepresentation or what the employer would have done had it been aware of her previous back injuries. In any event, Carpenter went to work for the Martin Company and her back problems persisted to the point where she had to undergo an operation. After her convalescence from surgery, Carpenter advised her employer of the restrictions on the work she was permitted to perform. The employer informed her that she would have to be terminated if she could not perform the necessary work. Eventually, Carpenter filed a claim for compensation. After hearing, the deputy denied the claim because: (1) Carpenter had not suffered an accident, and (2) her misrepresentation of her physical condition was sufficient to overcome the presumption that the employer takes an employee as he finds him.
The Industrial Commission found that the deputy erred in finding that no accident occurred and remanded the case to the deputy with directions to determine the degree and amount of aggravation to Carpenter's preexisting condition. The Commission did not address the misrepresentation issue. On certiorari, the Supreme Court in Carpenter reinstated the deputy's finding that there was no accident. In addition, the Court addressed the misrepresentation defense observing that the question had not been settled by prior decisional law in Florida. After discussing pertinent authorities from other jurisdictions, the Court said:
"We do not think the misrepresentations of an employee should be allowed to defeat the efforts of the employer to protect himself from this presumption [that the employer takes the employee as he finds him] and the assumed risks."
Second, by Sec. 440.15(5) F.S.A. our legislature, in an effort to encourage the employment of those afflicted or disabled in some way, has created a special disability, or second injury, fund which allows an employer to be reimbursed for compensation paid an employee for disability due to a pre-existing condition. To have resort to this fund, however, the employer probably must either have had knowledge of the pre-existing condition when he hired the employee, or have continued the employment after obtaining knowledge thereof.
Thus, an employee who misrepresents a condition which is causally related to a subsequent claim for benefits not only robs the employer of making a choice as to whether he will or will not hire the employee with the risks attendant thereon, but also denies the employer resort to the special disability fund.
132 So.2d at 406. The Court then announced the applicable rule with its constituent criteria which we quoted earlier in this opinion. After finding that there was the requisite evidentiary support for a causal relationship between Carpenter's injury and her false representation and that the evidence also established that Carpenter knew the representation to be false, the Court observed:
However, the record before us contains no evidence to prove that the employer relied on the false representation in employing claimant. Further, while it is obvious that the employer would be injured if it had to pay compensation benefits it is not shown that it would not have hired claimant had she correctly represented her back condition. Therefore, it is not shown that the employer was necessarily injured by the false representation.
Id. at 407.
Unlike Carpenter, there clearly was evidence in the instant case that the employer relied upon the false representations made by the claimant inasmuch as the employer presented testimony that the employer did not investigate the claimant's medical condition further because of his false representations. Further, the evidence supports the inference that the employer *127 would not have hired the claimant had the employer been truthfully informed concerning the claimant's back condition. True, the language of the employer's witness was not precisely, as in some of the cases[1], that the employer "would not have hired claimant had he truthfully represented his back condition." However, we do not believe that the Supreme Court in Carpenter intended to foster such a talismanic approach in the application of the criteria announced therein, particularly in view of the justification articulated by the Court (as quoted above) for the existence of such a defense. This employer never had the opportunity to make an informed decision of whether to hire the claimant based on his true physical condition and to assume the risks attendant upon hiring an infirm employee. Nor, because of the claimant's deception, will this employer be entitled to resort to the special disability fund.
The result which we reach is consistent with that which was reached by the Industrial Relations Commission in Montgomery Ward and Company v. Provenzano, I.R.C. Order 2-3533, Sept. 11, 1978. There, the employer presented testimony that it was company policy to have all employment applications reviewed by the personnel department and that the answers given would determine whether the applicant would be subjected to further screening by the company physician who would have to give his clearance before the applicant was hired. There was apparently no testimony, as such, that the applicant would not have been hired had he completed the application truthfully. Nevertheless, it was held in Provenzano that the requirements of the Carpenter defense had been satisfied. Likewise, we hold that the requisites of the defense have been met in the instant case.
Affirmed.
JOANOS, J., concurs.
SHIVERS, J., specially concurs.
SHIVERS, Judge, concurring specially.
I respectfully concur in the result only.
NOTES
[1] See Doric Food Company v. Allen, 383 So.2d 316 (Fla. 1st DCA 1980); Santos v. Scott Wetzel Services, supra; City of Homestead, Dade County v. Watkins, 285 So.2d 394 (Fla. 1973).