PER CURIAM.
This cause is before us on appeal of a final order finding, in pertinent part, that claimant did not suffer a compensable work injury. After careful consideration, we reverse.
On November 9, 1986, claimant was employed as a gas station attendant. Among other services provided to the public, the employer sold soft drinks. Employees were also permitted to purchase these drinks and consume them while they worked. While working, claimant bought and drank a can of pear nectar. When he finished it, he realized it tasted like gasoline. A coworker also smelled gasoline odor. Claimant became ill within minutes and was hospitalized for seven days.
The deputy commissioner found, without further elaboration, that claimant did not suffer an on-the-job accident. The employer did not appear at the hearing, and there was no dispute as to the facts. Section 440.02(14), Florida Statutes (1987), defines an “injury” as “personal injury or death by accident arising out of and in the course of employment.” In Southern Bell Telephone and Telegraph Company v. McCook, 355 So.2d 1166 (Fla.1977), the Supreme Court held that this section required three elements: (1) an accident, (2) occurring in the course of employment, and (3) arising out of employment.[1] The court noted that McCook’s “attending to a personal matter at the time of the accident is irrelevant, since it was incidental to employment and therefore a matter within the ‘personal comfort doctrine.’ ”[2]
Numerous decisions have applied the personal comfort doctrine to find com-pensability where employees are injured while attending to personal matters at work. In Holly Hill Fruit Products, Inc. v. Krider, 473 So.2d 829 (Fla. 1st DCA 1985), an employee was hit by a car while crossing a road to buy cigarettes during work hours. In Citrus Memorial Hospital v. Cabrera, 388 So.2d 345 (Fla. 1st DCA *418 1980), an employee was injured while using a rest room at work. In Baker v. Orange County Board of County Commissioners, 399 So.2d 400 (Fla. 1st DCA), review denied, 411 So.2d 383 (Fla.1981), a worker was injured at work when burned by electrical socks he wore to keep warm. All these injuries were deemed compensable under the McCook test. Although personal comfort activity must not be so great a deviation from employment as to constitute an abandonment of the job, Krider at 830, and must be considered incidental to the business, McCook at 1168 n. 2, the facts do not support applying these exceptions. Accordingly, we hold that claimant did suffer an on-the-job injury.
REVERSED and REMANDED for further proceedings in accordance with this opinion.
BOOTH, SHIVERS and THOMPSON, JJ., concur.

. The current statutory definition is identical, in pertinent part, to the one construed in Southern Bell Telephone and Telegraph Company v. McCook, 355 So.2d 1166 (Fla.1977).

. McCook injured herself while reaching for a roll of paper in a rest room.