566 So.2d 44 (1990)
COLONIAL CARE NURSING HOME and Gab Business Services, Inc., Appellants,
v.
Rosemary NORTON, Appellee.
No. 89-02300.
District Court of Appeal of Florida, First District.
August 22, 1990.
Kathleen R. Hudson, St. Petersburg, for appellants.
Barry M. Salzman of Chambers & Salzman, P.A., St. Petersburg, for appellee.
BOOTH, Judge.
This cause is before us on appeal from an order of the judge of compensation claims granting appellee's claim for workers' compensation benefits. Appellants contend that the judge erred in rejecting their defense under Martin Company v. Carpenter, 132 So.2d 400 (Fla. 1961). We agree and reverse.
*45 Appellee applied for work at the Colonial Care Nursing Home (Colonial Care) as a nurse's assistant on April 6, 1988. In responding to the employment application question about prior hospitalization, appellee disclosed only that she had been hospitalized for childbirth. In fact, appellee had previously undergone several surgical procedures in the abdominal area. In 1978, appellee had undergone surgery to repair a hernia.
Appellee began work at Colonial Care on April 8, 1988. On May 23, 1988, she suffered a hernia in precisely the same location as her 1978 hernia. She was hospitalized and underwent corrective surgery. After surgery, appellee returned to work at Colonial Care, restricted to light duty.
Appellants denied benefits on the ground that appellee had misrepresented her physical condition and medical history. In Martin Company v. Carpenter, supra at 406, the Supreme Court held:
[A] false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen's Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer.
The causal relationship contemplated by the above rule is a medical relationship between the present injury and the undisclosed prior condition. Peterson v. Georgia Pacific Corporation, 510 So.2d 1015, 1018 (Fla. 1st DCA 1987); Dunnel v. Robbins Warehouse, 465 So.2d 648, 649 (Fla. 1st DCA 1985); Santos v. Scott Wetzel Services, 463 So.2d 575, 577 (Fla. 1st DCA 1985); Cycenas v. Sarasota Coca-Cola Bottling Company, 440 So.2d 39, 40 (Fla. 1st DCA 1983).
The judge found a causal relationship between the prior undisclosed hernia and the instant one, and also found that appellee had knowingly misrepresented her medical history. Neither of these findings is challenged in this appeal.
The only issue before this court is whether the judge applied an incorrect evidentiary standard in concluding that appellants had failed to prove that they had relied upon appellee's misrepresentation of her medical history to their detriment. In concluding that appellants had failed to prove the requisite detrimental reliance, the judge stated in his order, "There is no evidence to prove that the employer would not have hired the claimant had the employer known that the claimant had a prior hernia condition."
The successful assertion of the Martin v. Carpenter defense does not require proof that the claimant would not have been hired but for his misrepresentations.[1] In Martin v. Carpenter the Florida Supreme Court stated the basis for the rule as follows (132 So.2d at 406):
We do not think the misrepresentations of an employee should be allowed to defeat the efforts of the employer to protect himself from this presumption [that the employer takes the employee as he finds him] and the assumed risks.
Second, by Sec. 440.15(5), F.S.A. our legislature, in an effort to encourage the employment of those afflicted or disabled in some way, has created a special disability, or second injury, fund which allows an employer to be reimbursed for compensation paid an employee for disability due to a preexisting condition. To have resort to this fund, however, the employer probably must either have had knowledge of the pre-existing condition when he hired the employee, or have continued the employment after obtaining knowledge thereof.
Thus, an employee who misrepresents a condition which is causally related to a subsequent claim for benefits not only *46 robs the employer of making a choice as to whether he will or will not hire the employee with the risks attendant thereon, but also denies the employer resort to the special disability fund.
In the instant case, it is apparent that appellant Colonial Care relied upon appellee's misrepresentation of her medical history to its detriment, within the meaning of Martin Company. At the merits hearing, Colonial Care presented the testimony of its then Director of Nursing, Darlene Davis. Although Ms. Davis became Director of Nursing after appellee's date of hire and, therefore, neither hired nor interviewed appellee, she was able to testify to Colonial Care's general hiring procedure for nurses and nurses' assistants. She testified that the Director of Nursing would ordinarily review an applicant's application and conduct an interview. Some of the questions asked during the interview would concern the applicant's ability to routinely lift and assist patients. She also testified that it was the general practice to review the medical history portion of the application form and make further inquiry if an applicant responded affirmatively to any of the medical questions.
Appellee's misrepresentation of her medical history therefore deprived Colonial Care of the opportunity to make an informed decision about whether it would assume the risk of hiring appellee. Further, appellee's misrepresentations may well have disqualified appellant from Special Disability Fund reimbursement. Accordingly, the order below is REVERSED.
SHIVERS, C.J., and WOLF, J., concur.
NOTES
[1] In Doric Food Company v. Allen, 383 So.2d 316, 318 (Fla. 1st DCA 1980) and Kalbes v. Armour Industrial Security, 483 So.2d 124, 126, 127 (Fla. 1st DCA 1986), this court rejected similar contentions.