JOANOS, Judge.
Gary P. Craig has appealed an order of the judge of compensation claims finding that his claim for benefits was barred by Martin Co. v. Carpenter, 132 So.2d 400 (Fla.1961). We reverse, and remand for further proceedings.
Craig sustained a neck injury in a 1981 automobile accident, after which he suffered from severe headaches. He took prescription drugs for relief of these headaches, including the muscle relaxants Valium and Fioricet, throughout the period preceding the 1989 accident. Craig applied for work with Gray’s Guard Service in July 1988, at which time he made the deliberate misrepresentations that he had had no problems since the 1981 accident, and that he did not suffer from frequent headaches. He was hired, and worked for four weeks before quitting. In January 1989, Gray’s re-hired Craig without requesting a new application. However, Craig was given the opportunity to amend the July 1988 application and did not do so.
On January 30, 1989, Craig reported for work with Gray’s at 8:00 P.M., for a shift extending until 6:00 A.M. the next day. Craig drove to the work site, which was reached via an unlit sand road, and worked an uneventful shift. He testified that he took one Fioricet tablet at 7:00 P.M. on the 30th, and another at 3:00 A.M. on the 31st, but that he had taken no Valium for a least a week. When his shift ended at 6:00 A.M., Craig set out in his car to turn in his log and walkie-talkie. He was driving on the sand road in heavy fog when he ran head-on into a roll of steel matting which was lying well off the road.
Craig suffered a fractured, dislocated hip, several broken ribs, facial lacerations and damaged his teeth, as well as aggravated his pre-existing headaches. Gray’s controverted Craig’s subsequent claim for benefits, alleging that his misrepresentations on the employment application precluded recovery under Martin Co. v. Carpenter, 132 So.2d 400 (Fla.1961) (a false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen’s Compensation Act for an otherwise compensable injury). The judge agreed that Martin barred Craig’s claim, finding that his pre-existing headaches were aggravated by the 1989 accident.
In order to prevail on a Martin defense, the employer must demonstrate a causal relationship between the injury and the employee’s false representation. The employer must also show that the employee knew the representation to be false, and that the employer relied upon it and was thereby injured. Martin at 406. The issues in this case are narrowed considerably by Craig’s concession that he misrepresented the extent of his recovery from the 1981 accident, and that he did so to induce Gray’s to hire him. Gray’s reliance on those misrepresentations, and the resulting prejudice, are also undisputed. The only remaining issue is the existence of “a causal relationship between the injury and the false representation.”
This causal relationship may be shown by evidence of a medical relationship between the present injury and the undisclosed prior condition, Colonial Care Nursing Home v. Norton, 566 So.2d 44, 45 (Fla. 1st DCA 1990), or that the prior condition contributed to or was aggravated by the subsequent injury. Cycenas v. Sarasota Coca-Cola Bottling Co., 440 So.2d 39, 40 (Fla. 1st DCA 1983).
Here,, it was shown that Craig injured his neck in the 1981 accident, and that painful headaches were the primary residual effect. In the 1989 accident, Craig’s major injury was a fractured and dislocated right hip; he also suffered broken ribs and teeth. While competent sub *37 stantial evidence supports the judge’s finding that the accident aggravated Craig’s pre-existing headaches, Craig’s primary injuries clearly did not result from the aggravation of his headaches. Therefore, while benefits could properly be denied for any medical treatment and/or disability attributable to the worsening of Craig’s headaches, the judge’s aggravation theory cannot operate to deny benefits for the unrelated injuries suffered in 1989.
Nevertheless, we cannot overlook evidence in the record suggesting that the 1981 injury contributed to the 1989 accident, i.e., that shortly before the accident, Craig had ingested two drugs prescribed for the treatment of his headaches, both of which can induce relaxation and drowsiness. However, evidence that Craig’s drug intake contributed to the 1989 accident is not uncontradicted. It was also shown that he was driving on a dark, unfamiliar road which was unpaved and unlit, and that it was very foggy at the time of the accident. The testimony was also conflicting as to the proximity to the road of the roll of matting which Craig struck. Based on this evidence, we cannot say that the judge would have denied compensability under the contribution theory.
The order appealed is therefore reversed to the extent that it denies benefits for injuries suffered by Craig unrelated to his pre-existing headaches. We remand for consideration of the employer/carrier’s Martin defense, in light of the prescription drug intake necessitated by the 1981 accident. Further evidence may be taken if necessary for the resolution of this issue.
Reversed and remanded with directions.
BOOTH and ALLEN, JJ., concur.