PER CURIAM.
Florida Mining & Materials, the employer, appeals from an order of the judge of compensation claims (JCC) which rejected the employer’s defense under Martin v. Carpenter, 132 So.2d 400 (Fla.1961), “due to a lack of reliance upon any misrepresentation during the hiring process.” The employer asserts that the JCC erred in reaching this conclusion, and that the JCC also erred in not ruling that there was a causal relationship between the claimant’s false representation and his subsequent injury. We find that the JCC utilized the wrong evidentiary standard in determining that there was a lack of evidence to support a finding of reliance, but do not address the second issue as we remand for the JCC to make specific factual findings concerning the applicability of the Martin v. Carpenter defense.
In this case, even though there was no direct testimony as to the appellant’s reli-anee upon a misrepresentation in hiring the claimant, there was testimony from a representative of Florida Mining as to the general procedures and policies of the appellant, which included the appellant’s policy not to hire individuals to be ready-mix truck drivers who disclose prior back strains or spinal injuries because of the heavy labor involved in those jobs. In addition, it was established that the employment application filled out by the claimant at the time he was hired asked if the applicant had previous workers’ compensation claims and asked the applicant to explain the reason for any previous claim. The claimant answered that he had never had a workers’ compensation claim. Later testimony from the claimant and his treating physician revealed that claimant had a previous compensable back injury in the same area as the back injury for which he is now seeking compensation. The application also stated that any misstatements as to a material fact may result in dismissal.
In order to prevail on a Martin v. Carpenter defense, among other things, an employer must prove that it relied on the false representations of a claimant. Martin, supra at 406. In Colonial Care Nursing Home v. Norton, 566 So.2d 44 (Fla. 1st DCA 1990), this court held, however, that an employer does not have to prove that a claimant would not have been hired but for the misrepresentation regarding medical history in order to successfully assert a Martin v. Carpenter defense. In Kalbes v. Armour Indus. Security & Claims Center, 483 So.2d 124 (Fla. 1st DCA 1986), this court held that the reliance element of a Martin v. Carpenter defense was met where the evidence supported an inference that the employer would not have hired the claimant had the employer been honestly informed of the claimant’s back condition, even where the employer’s witness did not expressly state that the employer would not have hired the claimant had he known of the claimant's back condition.[1] Consistent with the holding in Ralbes, supra, this court in Colonial Care ruled that evidence *669 of the employer’s general hiring practices was competent substantial evidence that the employer relied upon a false representation. Likewise, we find in the instant case, that there is evidence which would support a finding of reliance upon the claimant’s representation during the hiring process. Therefore, we reverse the JCC’s denial of the employer’s Martin v. Carpenter defense, and we remand for further proceedings to determine if the employer can successfully assert and. properly prove all the elements of a Martin v. Carpenter defense.
BARFIELD and WOLF, JJ., concur.
ZEHMER, J., concurring with written opinion.

. Employer’s reliance in the instant case can further be inferred by the physical nature of the job involved as well as the specific question on the employment application.