PER CURIAM.
Brenda Landers appeals an order of the judge of compensation claims accepting the defense her employer and the employer’s carrier set up under Martin Co. v. Carpenter,[1] 132 So.2d 400 (Fla.1961) and dismissing her claim for benefits. Because we conclude that, as a matter of law, no employer can justifiably rely on a prospective employee’s silence in answer to a yes or no question on an employment form regarding impairments which could interfere with the employee’s ability to perform her duties, we reverse.
When Brenda Landers applied for a position with Medical Personnel Pool of North Central Florida, she testified, she informed Cleo Colby, the employer’s representative who took her application, of two back injuries. Ms. Landers further testified that, in response to Colby’s questions, she stated that she still worked for the employer in whose employ her injuries had occurred, that she was performing the same duties, and that her back no longer bothered her. She did not make a mark or otherwise respond to the following question on a form application for employment:
Do you have any impairments, physical or mental, which would interfere with your ability to perform the assignments for which you have applied? □ Yes □ No. If yes, please describe the impairments and explain any work limitations.
[R. at 114.] Ms. Landers testified that Ms. Colby told her to leave the question blank. She also testified that, at the time she filled out the application, she had no physical limitations which would interfere with her job performance and was not aware of any permanent impairment rating assigned on account of prior injuries.
Ms. Colby also testified. She said she did not know why Ms. Landers left the question blank, that she would not have told Ms. Landers to leave the question blank, and that she did not recall Ms. Landers’ telling her about prior back injuries. She testified that she did not know why she overlooked the unanswered question. The judge of compensation claims accepted Ms. Colby’s testimony and rejected Ms. Landers’, where it conflicted.
As the finder of fact, the judge of compensation claims is owed great deference. We are bound by his rejection of claimant’s testimony that she discussed her back injuries with her prospective employer. In the order, the judge of compensation claims found:
Claimant, by not completing the question on the application and not otherwise disclosing her prior injuries, knowingly made a false representation as to her physical condition. I further find that the Employer relied upon such false representation; the evidence is clear that had the injuries been disclosed, Claimant in all likelihood would not have been hired....
We conclude as a matter of law, however, that by leaving the answer to this particular question blank, Ms. Landers made neither a representation nor a misrepresentation regarding any impairments which could interfere with performing her job.
If there had been a misrepresentation, the employer might well have met its burden of proof on the reliance element of the Martin Co. v. Carpenter defense by showing that, under the employer’s general hiring practices, an employee with the claimant’s condition would not have been hired. Florida Mining & Materials v. Perkins, 612 So.2d 667, 669 (Fla. 1st DCA 1993). In the absence of any misrepresentation, however, the employer cannot, of course, demonstrate any reliance. In Georgetown Manor Furniture Co. v. Smith, 281 So.2d 18, 20 (Fla.1973), the claimant did not fill out the employment form until three days after beginning work. The evidence indicated there that the employer had not relied on a conceded misrepresentation in making the hiring decision. Here, *175 there was no representation on which the employer relied either to hire or to retain Ms. Landers, who worked for more than a year with no problem in performing her duties, before she suffered a back injury while helping a patient into a car.
We reverse the finding of the judge of compensation claims which dismissed Lan-ders’ claim for benefits and remand for further proceedings.
SMITH, LAWRENCE and BENTON, JJ., concur.

. Martin Co. v. Carpenter, 132 So.2d 400, 406 (Fla.1961), holds that
a false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Work[ers’] Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer.